Chief Justice Robertson
delivered the Opinion of the Court.
On a bill in chancery, filed by John Banton and his wife, who is one of the heirs and distributees of Samuel Campbell, deceased, against her co-heirs and co-distributees, for a partition of the land, and distribution of the slaves and personalty to which, as heirs and distributees, they were entitled, — the circuit court, in 1823, directed a sale of the slaves, preparatory to distribution ; and in 1824, decreed, that eight of the ten heirs (two of the ten having received advancements in land, which they refused to throw into hotchpot,) were entitled to partiti on of the land remaining for partition, and appointed commissioners to make the allotments. In 1825, the land having, in the mean time, been allotted, and the slaves sold, in pursuaince of the former decrees, the allotments and the sale, as reported to have been made, were approved and confirmed; and thereupon, the court decreed, that deeds of partition should be made, and that the ten distributees were entitled to distribution of the personalty, and of the proceeds of the sale of the slaves; and, for effectuating the latter decree, appointed commissioners to settle' with the personal representatives, to ascertain how much each distributee had previously received, and then to make a just and .equal distribution among them all. These commissioners having reported the amounts to which tiie ten distributees were found to be respectively entitled, the court, at its February term, 1832, approved and confirmed that report; and decreed, first, that the administrators and the commissioners who had sold the slaves should pay to each of the ten distributees the *422 amount thus reported ; and, second, that the administrators should reserve in their hands, a fund sufficient to pay all the costs of this suit, and the reasonable fees of “counsel
Every order or decree made in a chancery cause, vvhichdecides upon, and settles the rights of the parties, as to any particular matter, is so far final; an appeal .or writ of error may be prosecuted upon it — although the suit remains in the court below, for other matters in the bill to be adjudicated upon ; and the time to bar á writ of error upon any such order or decree, is to be computed from its date — not from the date of the last decision in the cause. The joint right of husband and wife to a writ of error, is not saved from the bar by time, by the coverture.
Tocloseachancery cause, and leave tlie intentions of the ct. to be carried in to eifect, by commissioners, in the country, is erroneous — the causeshould be retained until the court is satisfied that the commissioners have paid over the funds in their hands fyc.
This writ of error, brought to reverse all those decrees, was sued out in May, 1834, and the defendants, insisting that the decree of 1825 was, as to the partition of the land and the right to distribution of the personalty and the proceeds of the sale of the slaves among all the ten distributees, so far final, have, to that extent, pleaded the statute of limitations.
The decree of 1824, and especially that of 1825, must be deemed to have been final, as to the partition, and the rights to partition of the land. And, in the judgment of this court, the decree of 1825 should also be deemed to have been final, so far as it settled the'rights to distribution, or ascertained and decided who were entitled to distribution. From súch a decree, fixing the right, either party might,have appealed at once, without waiting for an execution of the decree by the commissioners appointed to carry it into effect.
And we are of opinion, that, the coverture of Mrs. Banton' did not prevent the running of the statute of limitations against tlie joint right of herself and hus„ band, to prosecute a writ of error.
Wherefore, as to. the partition, and the rights of the parties to distribution, fixed by the decrees of 1824 and of 1825, it is'the judgment of this court, that the writ of error in this case is barred by lapse of time.
But as to.the actual distribution afterwards made, and approved by the decree of 1832, and as to the details of that decree itself, in other respects, the writ of error is not barred.
This latter decree is, ill our opinion, erroneous.
As'no exception seems to have been made to the report made by the commissioners, that report will not now be enquired into. But, that being the basis of the decree, still it was erroneous to close the case in the cir-cup. cour¡; an(] leave to the commissioners the discre *423 tion, of carrying the intention of the court into effect afterwards, in the country'. They were no parties.
To auth'ori^e an adm’r to retain a reasonable fee to be paid to counsel, leaving the admitió determine what is reasonable, is erroneous.
A decree forthe distribution of money among heirs, should showhowmuch each is entitled to: it should notbeieftopen, for adin’rs or commissioners, to ascertain the respective portions.-
And, moreover, it was erroneous to give to the administrator the discretion to determine what were reasonable fees'to counsel, and to retain a fund for that purpose. This matter ought to have been settled, before the chancellor let go the case; and he should have retained the case in court, also, until he had been satisfied that the commissioners liad distributed the fund in their hands, in conformity with the decree. And it would have been more proper, too, to have designated, in the decree, the amount to which each distributee was entitled, and not have left it to the administrator and commissioners, to ascertain the amount from the, report.
Wherefore, the decree of 1832, must be reversed, and the cause remanded, for such proceedings and decree for effectuating the decrees of 1824 and of .1625, as, according to this opinion, shall be necessary and proper.