# Portwood *vs* Outon, &c.

ERROR TO THE MADISON CIRCUIT.

*Final decrees.    Writs of Error.    Jurisdiction.*

JUDGE EWING delivered the Opinion of the Court.

CHANCERY.

Case 48.

*December* 19.

The case stated.

THE object of Outon's bill was to subject the upper ferry and home farm of Lewis to sale, in satisfaction of the lien which he held upon them, and also to set aside a conveyance of the lower ferry to Portwood, as trustee, for the use of Lewis' wife and children, and subject it to sale, in case it was necessary in satisfaction of his debt. To obtain this end it was necessary to bring other incumbrancers before the Court, in order as well to ascertain

and fix the amount due, as the existence and validity of their liens, and the priorities amongst them. But these latter objects were but intermediate steps, leading to the ultimate object, and necessary as the means of ascertaining as well the amounts due as how the proceeds of the sale are to be distributed. Though the Court has, in part, fixed the amounts due, and settled or expressed an opinion as to the validity of the different liens and the priorities and preferences among them, no decree is made for a sale of the property or any part of it, nor for a disposition of it in any form, nor for a payment or satisfaction of the complainant's demands, or that of any of the incumbrancers, out of the same, nor for the costs: but a commissioner is appointed to take possession of the upper ferry and rent it out, in the event that Portwood, an incumbrancer who is in possession, fails to give bond and security for the rents; and to ascertain the rents and profits that have been received, and make report to the next court, to which the cause is continued. All these are no other than intermediate opinions and decretal orders, preparatory to the final object of the suit, namely, a decree for the sale of the lands, in satisfaction of the several liens, and cannot be deemed a final decree. As they are not final, but interlocutory and subject at any subsequent term to be changed, modified, or entirely set aside, and by the staute an appeal will not lie from an order or decree that is not final, the writ of error must be dismissed for the want of jurisdiction in this Court to revise the orders and decrees of the Court below, unless there is something in the attitude occupied by the parties, in this Court, which gives jurisdiction, or amounts to a waivor of objection and an implied assent to its exercise.

The plaintiff raises the objection and asks a dismissal of his own writ of error, upon the ground stated, and the defendants, who have assigned cross errors, object to the dismissal.

Cases have occurred in which this Court has exercised jurisdiction when the decree below was merely interlocutory, where the parties have entered an agreement on record to treat the decree as final, with a view to a revision upon the matters settled in the interlocutor: *Jame-*

*son, &c.* vs *Mosely,* 4 *Monroe,* 414; *Helm* vs *Boon &* *Talbott,* 6 *J. J. Marshall,* 355. Without expressing an opinion, as to the propriety or correctness of the practice indulged in by our predecessors, we do not feel disposed to carry it further.

No consent or agreement to the exercise of jurisdiction has been made in this case, nor can any be implied against the express objection made by one of the parties, though he has brought the case here. Consent, to give jurisdiction, requires the concurrence of both parties, when either may object. And though the writ of error has been improperly sued out, no implication of consent should be indulged which would deprive the party who sues it out of a legal right, and especially when the opposite party has never yielded his consent in a form that would preclude him from raising the objection, at any time, in this Court. The consent to give jurisdiction to this Court, in such a case, should be a mutual agreement, equally obligatory on both parties.

It is therefore the opinion of the Court, that the writ of error be dismissed, at the costs of the plaintiff, and the cross errors be also dismissed at the costs of the defendants.

*Owsley* for plaintiff: *Turner* for defendants.