JUDGE BULLITT,
bhiaveiíed the opinion op the coubt:
In a suit, against the Lexington and Big Sandy railroad company, a controversy arose, upon cross-petitions, between the appellant and appellee, concerning their mutual rights and liabilities growing out of sundry notes and bills of exchange alleged to have been executed by them, to raise money for the use of said company, Bondurant contending that, as between him and Apperson, the latter is liable for the full amount of said notes and bills; Apperson contending that, as between them, Bondurant is liable for half of said amount.
Upon this branch of the case a judgment was rendered, in which the circuit judge, after arguing the facts and law of the case, declared: “I am of opinion, therefore, that upon all those bills where Bondurant was an original party, whether as drawer or endorser, he must share equally the loss with Apperson, and such is the judgment of the court upon the question submitted.”
From that judgment Bondurant took this appeal.
The first question is, whether or not the judgment is final.
Doubts among intelligent members of the bar, as shown in this and other eases lately before us, as to what constitutes a final judgment, and as to the principle upon which thatques *31 tion depends, have led us to examine the subject, in this case, more fully than might otherwise have seemed necessary.
It has been said that a decree “ which decides upon and settles the rights of the parties to any particular matter, is so far final.” (Banton & Co. vs. Campbell’s heirs, 2 Dana, 421.) That is no doubt true, provided the thing settled is of a final as distinguished from an interlocutory character; but that does not solve the chief difficulty presented in such cases, which is to ascertain whether or not the judgment does “decide upon and settle” any particular matter. In the case before us, the judgment decides upon the appellee’s right to contribution, but does it settle that matter?
The character of a judgment, as to finality, appears sometimes to have been regarded as depending upon the question-, whether an execution or other process could issue) upon it. That, clearly, is not a true test. A judgment may take effect by its own farce and be final, though no process can issue upon it. For example, ajudgmbnt confirming a commissioner’s deed, and a judgment dismissing, a suit, even, without costs.
It has been frequently said, that a judgment is not final, unless it can be enforced without further action by the court. It is clear, however, that a judgment, ordering.the defendant to execute a conveyance to the plaintiff, is final. (Larue vs. Larue, 2 Litt., 258; Watson vs. Thomas, Litt. Sel. Cases, 248.); Yet such a judgment cannot be enforced except by process for contempt, which cannot issue without further action by the court.
It is certain, however, that a judgment cannot be final me'rely because it decides some question of law or fact relating even to final relief, nor merely because it decides what are the rights of the parties as to such relief. (Jameson vs. Mosely, 4 Mon., 414; Phillips & Co. vs. Alcorn, 4 J. J. Mar., 38; Craig vs. McBride’s heirs, 9 B. Mon., 9; Portwood. vs. Outon, 1 B. Mon., 149; Mitchell vs. Cloyd, Mss. Opin., February 1854.) Those cases furnish various illustrations, proving that a- judgment may decide every question of law and fact, and what are the rights of the parties to everything involved in a suit, without *32 being final to any extent. In each of them the judgment was held to be not final, because it could not be enforced, to the extent of giving the final relief contemplated by it, without further action by the court.
The rule adopted in those cases is forcibly illustrated by the decisions in New York, and in this State, as to nisi decrees in suits to foreclose mortgages. We understand that in New York the nisi decree directs a payment of the mortgage money to a commissioner, and directs him, if it should not be paid, to sell the' property; no further action by the court is needed to effect a sale, and consequently such decrees in New York are held to be final. But in this State a nisi decree is interlocutory, because the relief contemplated by it — viz: a sale of the property — cannot be obtained without further action by the court; if the defendant should deny the execution of the mortgage and plead payment of the debt, and the court in its nisi decree should decide those questions against him, still the decree would be merely interlocutory.
Judgments enforceable by process for contempt form the only exception we are aware of to the above mentioned rule.
The following rule seems to be deducible from the authorities, viz: that a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further' action by the court or by process for contempt.
In a case recently considered by us the case of Banton & Co. vs. Campbell's heirs, supra, was cited as maintaining a different doctrine from the one here stated. We do not, however, so regard it. That was a suit between heirs for partition and distribution of an estate. The court rendered a decree, that eight of the heirs were entitled to the land left by the decedent, and appointed commissioners to allot it to them; and another decree, that all the heirs were entitled to distribution of the personalty, and appointed commissioners to ascertain how much each had received, and then to make just and equal distribution among them all. We presume that this court, in pronouncing those decrees final, regarded them as *33 authorizing the commissioners not merely to report to the court a proposed allotment and distribution, but to make the allotment and distribution without further action by the court. Thus viewed, those decrees were clearly final. If viewed otherwise, the decision, that they were final, is inconsistent with the other cases previously cited, and also with that of Thompson vs. Pecbles, 6 Dana, 389, which was a suit for land, to which the complainant asserted an equitable title; and a decree sustaining his claim, and ordering the defendants to convey the legal title to him, was held to be not final, because, from its peculiar phraseology, it was regarded as merely contemplating that the defendants should prepare and produce the deed for the action of the court at its next term.
The judgment appealed from in this case is not final, because it contains nothing more than a decision as to the right of the parties. It gave no relief to the appellee, nor can he get any relief upon it by any sort of process.
Wherefore the appeal is dismissed.