## Harding v. Harding, et al.
## Harding's Admr., et al. v. Harding.

(Decided November 10, 1911.)

### Appeals from Boyle Circuit Court.

1. **Judgment—Final Order.**—A final judgment or order is such an order as at once puts an end to the action; it must not merely decide that one of the parties is entitled to relief of a final character, but it must give that relief by its own force, or be enforceable for that purpose, either without further action by the court, or by process of contempt.

2. **Appeal From Interlocutory Order.**—An appeal lies to this court only from a final order; an appeal taken from an interlocutory order will be dismissed.

3. **Judgment—Subsequent Proceedings are Void.**—Where the rights of the parties have been litigated and finally disposed of, the trial court has no jurisdiction or authority to permit further pleadings to be filed, or to take proceedings thereunder; and such subsequent proceedings, including the judgment, are mere nullities.

CHARLES C. FOX and BRECKENRIDGE & BRECKENRIDGE for Lucy W. Harding.

ROBERT HARDING for Samuel Harding's Administrator.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing the first appeal; reversing on the second appeal, and affirming on cross appeal.

Samuel Harding, of Boyle County, died testate in January, 1903, leaving a widow, but no children, or descendants thereof, surviving him. By his will, which may be found on page 141 of volume 132 of the Kentucky Reports, he gave his wife, the appellant, Lucy W. Harding, $13,000, in addition to one-third of the remainder of his estate after the payment of his debts, and a life-estate in the remaining two-thirds. The remainder interest in said two-thirds is to go to the testator's brothers and sisters upon the death of said Lucy W. Harding.

In August, 1903, the administrator with the will annexed filed this action in equity for the settlement of Samuel Harding's estate; and the widow, Lucy W. Harding, filed her answer herein, setting forth her claim under the will. The estate amounted to something over $100,-000, but was considerably indebted, and difficult of settlement. The case proceeded to a judgment, which fixed the

rights of the parties, and disposed of the claims of the
widow; and from that judgment the administrator ap-
pealed to this court, which reversed the judgment of the
lower court on February 18th, 1909, with directions to
the circuit court to enter a judgment in conformity with
the opinion. See 132 Ky., 133. Upon the return of the
case Judge W. C. Bell, the regular judge of the Boyle
Circuit Court, entered the following judgment on May
1st, 1909:

"This cause being submitted to the court upon the
written motion of the plaintiff this day made is granted
upon the terms and conditions stated therein, and he is
ordered and directed to assign and transfer to Lucy W.
Harding without recourse on her in the estate of said
Harding, deceased, all of the bank stock, personal proper-
ty, contract notes, choses in action, accounts and cash re-
maining in his hands, after payment of all claims, allow-
ances and expenses incurred; one-third of same to Lucy
W. Harding absolutely and two-thirds to her for life and
remainder interest in said two-thirds to Jack Harding,
Robert Harding, Sallie Gentry and Mattie McDonald,
and said Lucy Harding is ordered and directed to exe-
cute bond with sufficient surety thereon payable to said
remaindermen and that she will account for and pay
over said two-thirds interest to them at her death. To
all of which defendant, Lucy W. Harding, objects and
excepts."

The widow, Lucy W. Harding, objected to this judg-
ment for several reasons, and particularly because it re-
quired her to execute a bond to secure the payment of
the two-thirds remainder interest to the testator's
brothers and sisters, upon her death. She also objected
to the judgment because it failed to require the adminis-
trator to make a complete and final settlement; but, on
the contrary, directed him to turn over to the widow, and
take from her a bond for certain securities and choses
in action, which she claimed were worthless, or of doubt-
ful value. Subsequently, on April 30th, 1910, Judge
Samuel R. Wilson, the special judge then presiding in
said case, entered the following judgment in modification
or extension of the former judgment:

"This cause being heard on the motion of the defend-
ant, Lucy W. Harding, to set aside the orders hereto-
fore entered herein directing the administrator of Sam-
uel Harding to turn over all assets remaining in his
hands after the payment of costs and fees to said Lucy

W. Harding and denying the motion of said Lucy W. Harding to have said administrator make a full and final settlement of his accounts herein, and being further heard on 'the application of the administrator for the advice and direction of the court as to his duties herein, and the court being advised, ordered:

"1st. That as to any securities or evidences of debt belonging to the estate which are now due, or past due, and collectible (not, however, including stock in solvent banks, or similar securities or choses in action) the administrator of Samuel Harding shall forthwith proceed to collect as speedily as possible, by suit, or sale, all such matured obligations (provided· that he realized in the mode adopted the principal and interest due.)

"2nd. That as to any security, contract, obligation, or choses (whether same be due or yet to become due), which by any report of the administrator, or commissioner auditing his settlements, or accounts heretofore made, are classed or if there be any other item, or assets disputed by said Lucy W. Harding, or of doubtful value, or other party in interest as worthless or of doubtful value, this cause is referred to the Master Commissioner of this court to ascertain (by taking proof thereon if the parties do not agree as to the question of value), and report to the next regular term of this court such items of assets as appear to be worthless and such as are of doubtful value with any proof taken, or submitted on these matters. The commissioner will give due notice of his sittings to the parties and may take such proofs as he deems reasonably necessary to enable him to reach a conclusion, and he will, also, hear such proof, with reasonable limits, as may be adduced by any of the parties in interest.

"3rd. The administrator shall at once deliver, or offer to deliver to Lucy W. Harding all such assets in his hand ready for distribution, as do not come within the purview, or operation of the first two headings above, and shall take from said Lucy W. Harding a receipt in due form and bond as heretofore ordered for all the assets and property so turned over to her, and if the said Lucy W. Harding. shall within a reasonable time after such tender, in any event not to exceed thirty days, decline and fail to accept and receipt for the assets and property so tendered to her and to execute the required bond, the administrator will deliver the same to the Master Commissioner of this court to be held by him subject

to the future orders of the court, provided that any cash turned over shall be loaned, on call, at the best rate of interest obtainable.

"4th. That a rule issue against Lowry Nichols, administrator of Reed S. Nichols, deceased, former commissioner of this court, requiring said administrator to appear at the next regular term of this court, and show cause, if any he can, why he shall not refund and pay into court in this place, the sum of $1,977 excess commissions held by the Court of Appeals to have been paid to said Reed S. Nichols.

"5th. That the administrator of Samuel Harding will report at the next regular term of this court his acts and proceedings in compliance with this order and the court reserves the right to require from said administrator hereafter a full and final settlement of all matters not already settled by him, to the extent herein above indicated. The orders of the regular April term, 1909, of this court entered in this cause on May 1st, 1909, are modified and set aside.

"In all other respects said orders will remain unaffected thereby."

It will be noticed that the Wilson judgment of 1910 directed the administrator to collect, as speedily as possible, by suit or sale, all of the matured obligations then in his hands, to report to the court the value of the worthless or doubtful assets, and to tender to Lucy W. Harding the other or good assets; and, if she should fail to receipt and give bond therefor within thirty days, the administrator was directed to turn them into court. Acting under this order, the administrator collected $9,977.11, which he tendered to Lucy W. Harding, and she, declining to execute the receipt, or give the required bond therefor, the administrator paid said sum into court.

Subsequently, on January 16th, 1911, Lucy W. Harding tendered, and the court permitted her to file, an amended answer, in which she set up a revised or new claim under her husband's will to all the income of the estate of her husband since his death, whether said income be in the form of dividends on bank stock, rents on real estate, or interest on notes or other securities. This claim aggregated $15,503.68. This pleading contemplated the over-hauling of the prior settlement which had been made under the original judgment as revised by this court, and by the Bell judgment of 1909.

Issues were made upon the claim set up by this new pleading of Mrs. Harding's, and when the case came on for trial thereon before Judge Lewis L. Walker, the succeeding regular judge of the court, he, on May 5th, 1911, entered the following judgment:

"The court on consideration overrules all the exceptions filed herein May 3, 1911, by the plaintiff and Robert Harding and others devisees of Samuel Harding, deceased, except Lucy Harding, to the report filed by Samuel H. Nichols, Special Commissioner, April 26, 1911, and on motion heretofore made by defendant, Lucy W. Harding, and to which motion Robert Harding, &c., object and except and said objection was overruled, to which ruling they except, said report filed by said commissioner is approved and confirmed, and this cause being submitted to the court on the entire record, the said Sam H. Nichols, Special Commissioner herein, is now ordered and directed out of any money in his hands as Special Commissioner herein to pay to the defendant, Lucy W. Harding, the sum of $5,600.89 and the same is adjudged by this court to be and belong to said Lucy W. Harding absolutely. The records of this court show that of said sum of $5,600.89 now ordered paid to the defendant, Lucy W. Harding, that the sum of $4,281.04 is on account of interest which has accumulated and been paid since the death of Samuel Harding on notes and contract obligations which were in the hands of the plaintiff on the first day of May, 1909; and the sum of $307.65 is on account of rents which accrued and were paid since the death of Samuel Harding on real estate and collected by the plaintiff; and the sum of $560 is on account of dividends on bank stock which accrued and was paid to plaintiff since the death of Samuel Harding, deceased; and the sum of $80 is on account of dividends on bank stock that have accrued and been paid to the Special Commissioner herein since said bank stock was turned over to the commissioner; and the sum of $348.25 is on account of interest that has accumulated up to the 5th day of April, 1911, on the money in the hands of the Special Commissioner; and the sum of $23.95 is on account of interest paid on a note of one Elder, which was turned over to the Special Commissioner by the administrator; and it is further adjudged by the court that of the said sum of $5,600.89 now ordered paid to the defendant, Lucy W. Harding, by the commissioner, the sum of $5,148.69 shall go as a credit upon and be deducted from the prin-

cipal sum of $17,101.07 which, as shown by the records of this court, was paid to said commissioner in cash leaving therefore in the hands of the commissioner the principal sum of $11,952.38 as of date April 5, 1911; and after the payment of all unpaid costs and statutory fees due said commissioner the said commissioner is now ordered and directed to pay to Lucy W. Harding the one-third of the balance of the money in his hands herein after deducting therefrom said sum of $5,600.89 above ordered paid to her, and said one-third to be hers absolutely, and the remaining two-thirds to be paid over to her to be held and enjoyed by her during her natural life, and at her death to go and belong to Robert Harding, Jack Harding, Sallie Gentry and Mattie McDonald; and the said Lucy W. Harding will give bond with good security binding her to pay said two-thirds of said sum into this court, if directed to do so by the future orders of this court, and in the event no such order is entered by the court prior to her death then that said bond require that her estate pay the said two-thirds of said sum at her death to the aforesaid remaindermen.

The plaintiff and all the other defendant devisees except Lucy W. Harding, object and except to each and every part and portion of the foregoing judgment, and pray an appeal to the Court of Appeals, which is granted; and Lucy W. Harding excepts to so much of the above judgment as adjudges that she is entitled to only one-third absolutely of said fund in the hands of this court's commissioner after deducting therefrom said $5,600.89 and to so much of said judgment as directs her to give bond for two-thirds of said sum and prays an appeal to the Court of Appeals, which is granted.''

1. The first of these appeals is by Mrs. Lucy W. Harding from the Bell judgment of May 1st, 1909; while the appeal in the second case is by the administrator and the remaindermen, from the Walker judgment of May 5th, 1911, which gave Lucy W. Harding $5,600.89 more than had been allowed her by the original Bell judgment of 1909. Furthermore, Lucy W. Harding has been granted a cross-appeal from so much of the Walker judgment of May 5th, 1911, as refused to recognize her full claim of $15,503.68.

It is contended on behalf of Mrs. Harding that the Bell judgment of 1909 was erroneous, whether it be treated as interlocutory or final. If, however, it was only interlocutory the appeal therefrom was premature, since

a party can only appeal from a final judgment. It requires but a cursory inspection of this judgment, however, to enable one to conclude that it is not a final judgment. In The Trade Discount Company v. J. R. Cox & Co., 143 Ky., 516, we defined a final judgment as follows:

"A final judgment or order is such an order as at once puts an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for. (3 Blackstone Com., 497.)

It must not merely decide that one of the parties is entitled to relief of a final character, but it must give that relief by its own force, or be enforceable for that purpose, either without further action by the court, or by process of contempt. In other words, a final order is an order that disposes of the merits of the case; that settles the rights of the parties under the issues made by the pleadings; or, which disposes of the cause and places the parties out of court. Maxwell v. England, 115 Ky., 783."

The Bell judgment of 1909 fails to meet the requirements of this definition, since it does not dispose of the case, or make a final settlement of the rights of the parties. See Bondurant v. Apperson, 4 Met., 31.

We are of opinion, however, that the Wilson judgment of April 30th, 1910, carried the Bell judgment of 1909, to its final stage, and that the Wilson judgment must be considered as essentially final in its terms and operation, and from which either party had the right to appeal. It directed the administrator to finish his work by disposing of the doubtful or worthless assets, so as to finally determine the amount of the estate, and to deliver it to the life-tenant as provided by the terms of the will; and that if she should decline to receive it and give the bond as required by the judgment, there was a provision directing the payment into court. This having been done, there was nothing left for the administrator to do.

If the Wilson judgment of 1910 was erroneous, in that it required a bond of Mrs. Harding, or for any other reason, it was nevertheless a final judgment, and could have been corrected only by an appeal to this court. But no appeal was taken from the Wilson Judgment of 1910; the appeal here by Mrs. Harding is from the interlocutory Bell judgment of May 1st, 1909, from which no appeal could be taken, because it was not a final judgment. It follows, therefore, that Mrs. Harding's appeal from the judgment of May 1st, 1909, will have to be dismissed.

2. The Wilson judgment of 1910 having been a final judgment, which could be corrected only by an appeal to this court, the subsequent proceedings under the amended answer of Mrs. Harding, filed in January, 1911, and which resulted in the Walker judgment of May 5th, 1911, revising Mrs. Harding's claim, and giving her an additional $5,600.89, was wholly irregular and unauthorized. Her rights in her husband's estate had been litigated and finally disposed of under her original pleading and the judgment of 1909 as amended in 1910; and, if she was dissatisfied with that judgment, her remedy was by appeal. To permit the parties to open the case by new pleadings after it has proceeded to a final judgment, would deprive the judgment of all force as a final judgment, and render the trial of a case interminable.

The question of practice here presented was passed upon in Brown v. Vancleave, 86 Ky., 388, where we said:

"But, as just said, the rights of the parties had been litigated to a final judgment. After the rendition of that judgment, could the appellee, without first having that judgment set aside and the case re-opened, have filed an amended petition, either setting up new plaints or enlarging or perfecting old ones? We think not. Could he, after the judgment was rendered, have filed an amended petition setting up that the appellant was indebted to him an additional sum of money? We think not. By the rendition of the final judgment the power of the court is spent, except for the purpose of setting aside the judgment or modifying it at the same term, as may be provided by the rules of pleading, and the rights of the parties, thus settled by the final judgment, are at an end. The litigated questions raised by the pleadings are merged in the judgment. The pleadings thus having fulfilled their office, there is nothing remaining before the court to be amended, and any amendment thereafter filed over the objections of the adversary and the subsequent proceedings thereon, including the judgment, are mere nullities."

The appeal of the administrator and the remaindermen from so much of the Walker judgment of May 5th, 1911, as allows Mrs. Harding the further sum of $5,-600.89 will have to be sustained, and said judgment reversed, with instructions to the lower court to set it aside, and dismiss Mrs. Harding's amended pleading. Upon Mrs. Harding's cross-appeal that judgment is affirmed.