## Hartford Fire Insurance Company v. McDonald.

(Decided November 23, 1917.)

### Appeal from Franklin Circuit Court.

1. Judgment—Interlocutory and Final Decrees.—The difference between interlocutory and final decrees is this: that in the former some further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties, while, under a final decree, the party obtains his rights without any further adjudication on the merits, either by the direct operation of the decree itself or by means of proceedings of a ministerial character in execution of it.

2. Judgment—Final Order.—In an action to cancel an appraisement made under the provisions of a fire policy and to recover the damages sustained by the insured, a judgment cancelling the appraisement and retaining the case for further proceedings is not a final order.

T. L. EDELEN for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing appeal.

The appellee's building on St. Clair street, in Frankfort, together with articles of apparel and household goods contained therein, were damaged on August 12, 1913, by a fire which started in an adjoining building. The policy issued thereon by the appellant contained the usual appraisement clause providing that the loss should be fixed by appraisers before an action could be brought upon the policy. The parties having failed to agree upon appraisers, the appellee treated the company as having declined to appraise and filed her action upon the policy on August 28, 1914, laying her damages at $2,217.55. Subsequently, however, the parties signed an appraisement agreement; and when the fact was presented by a plea the court dismissed the petition without prejudice, at the cost of the plaintiff.

The appellee thereupon filed a substituted petition in equity in the same action in which she sought to annul the appraisement and recover judgment for her alleged loss of $2,217.55. The grounds upon which she asked the avoidance of the appraisement was that the appraisers had refused to hear her counsel and permit her to introduce testimony to sustain her claim; that the appraisers met in the office of the company's agent and fixed their appraisement after conferring with him, without the appellee's knowledge or consent, and in the absence of her attorney; that the company's appraiser was not impartial; and, that the appraisement was grossly unfair and unjust.

The answer traversed most of the affirmative allegations of the petition. It admitted, however, that the appraisers met in the office of the company's agent, but it denied that the agent had participated in the proceedings of the appraisers, or that the appellee had been denied a hearing. It also alleged that the appellee had been heard in her own behalf and by her counsel; that the appraisers had fixed her loss as $612.31; and it asked that the defendant be dismissed with its costs. The answer offered, however, to confess judgment for $612.31, the amount fixed by the appraisement.

Proof was taken, and upon the trial the chancellor annulled the appraisement, whereupon the appellee moved the court to transfer the issue of damages to the common law docket for trial. But the court being of the opinion that the parties, if still unable to agree on the amount of

the loss, should be left to carry out the arbitration as provided by the terms of the policy, overruled the motion to transfer.

The company appeals from that portion of the judgment that canceled the appraisement; and the appellee's brief states that the appellee has taken a cross-appeal from so much of the judgment as overruled the motion to transfer the case to the ordinary docket. The record fails, however, to show that a cross-appeal has been taken.

The appeal will have to be dismissed for the reason that the order complained of is not a final order. It will be observed that the effect of the judgment was to retain the case for further proceedings.

In The Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 516, this court defined a final order as follows:

"A final judgment or order is such an order as at once puts an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for. (3 Blackstone Com. 497.)

"It must not merely decide that one of the parties is entitled to relief of a final character, but it must give that relief by its own force, or be enforceable for that purpose, either without further action by the court, or by process of contempt. In other words, a final order is an order that disposes of the merits of the case; that settles the rights of the parties under the issues made by the pleadings; or, which disposes of the cause and places the parties out of court. Maxwell v. England, 115 Ky. 783.''

This definition has been approved by this court in C. & O. Ry. Co. v. Helton's Admr., 141 Ky. 404; Harding v. Harding, 145 Ky. 315; Harrison v. Stroud, 150 Ky. 797; and in other cases.

In Lewis v. Campau, 14 Mich. 460, 90 Am. Dec. 245, the court pointed out the distinction between the two different kinds of orders as follows:

"The difference between interlocutory and final decrees is this, that in the former some further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties, while, under a final decree, the party obtains his rights without any further adjudication on the merits, either by the direct operation of the decree itself, or by means of proceedings of a ministerial character in execution of it.''

The same view was well stated by the Supreme Court of California in Zappettini v. Buckels, 167 Cal. 27, as follows:

"The general rule applicable in determining whether a judgment is final or merely interlocutory, as deducible from the authorities, is that, if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only." See also 3 C. J., p. 441.

The judgment appealed from does not end the case; it puts neither party out of court; it neither determines that the appellant is liable for any amount or that the appellee is entitled to recover anything; and, it may never be so determined.

Appeal dismissed.