## Hamner, Receiver, et al. v. Boreing.

(Decided June 7, 1921.)

## Appeal from Laurel Circuit Court.

1. Fraudulent Conveyances—Preferences—Parties—General Creditors.—In an action to have certain conveyances by a failing debtor adjudged to be preferential and operate as an assignment for the benefit of all of his creditors, a general creditor who has a claim on file is not a necessary party to an appeal from the judgment in such action.

2. Fraudulent Conveyances — Preferences — General Creditors.— Where a creditor of a failing debtor brings his action to enforce a judgment on a return of "no property found," and seeks to have specific property applied to the payment of his judgment, and other creditors bring actions in the same court seeking to have certain conveyances adjudged to be preferential, and the actions are consolidated, and the first named creditor's action is dismissed and all relief denied him, but at the suit of other creditors certain conveyances are adjudged preferential, whereby the first named creditor is only incidentally the beneficiary of their action, he is only a general creditor and not a necessary party to an appeal from that judgment.

3. Fraudulent Conveyances—Parties.—When his action was dismissed he was as effectually out of court as if he had never filed it, and occupied no position different from that of any other general creditor.

HAZELWOOD & JOHNSON for appellants.

H. C. FAULKNER and H. C. CLAY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In August, 1914, the appellee, John R. Boreing, filed an equitable action in the Laurel circuit court against W. B. Catching and others, wherein he alleged he had a judgment for something over three thousand dollars against Catching upon which an execution had been issued and returned "no property found."

He asked for a general order of attachment against the property of W. B. Catching, and attacked certain conveyances made by Catching to his wife and others, as well as certain conveyances made by the wife to others, as being without consideration and as having been made to defraud the creditors of W. B. Catching. He sought specifically to subject to the payment of his debt the property so alleged to have been fraudulently conveyed.

About that time other creditors of Catching instituted their several actions in the Laurel circuit court, some of them seeking the same remedy that Boreing had sought, while others attacked certain transactions between Catching and his wife, and between his wife and others, merely as being preferential, and asked that the property so conveyed be adjudged to be for the benefit of all the creditors of W. B. Catching.

These suits were all consolidated, and after full preparation a judgment was entered dealing in detail with the several transactions involved, and among other things it was adjudged that Boreing was not entitled to any of the relief sought in his petition, and the same was dismissed, and a judgment for costs given against him in favor of the defendants therein, it being recited, however, in the judgment that he was the owner of and entitled to collect from Catching the judgment upon which his suit was based.

In another sub-division of the judgment then entered it was adjudged that certain transactions between Catching and his wife operated as an assignment of the property and effects of W. B. Catching for the benefit of all his creditors and that the proceeds of the same should be applied, after the payment of costs, to "the foregoing judgments against W. B. Catching and such other valid claims against him as hereafter be filed herein properly proven and allowed by the court—no further proof of the judgments herein rendered against W. B. Catching being required."

From that judgment the receiver of the First National Bank of London, to which institution Catching was

largely indebted, and who as receiver claimed the property for the bank embraced in the conveyances which had been declared preferential, appealed, but did not make Boreing a party to this appeal.

Pending the appeal, Boreing presented in this court certain supplementary parts of the record, which had not been copied by the receiver, and asked to be permitted to prosecute an appeal from the judgment upon his own account upon the record as thus made up, which this court declined to permit him to do.

Upon a final hearing this court reversed the judgment of the Laurel circuit court and held the deeds so adjudged by the lower court to be preferential embraced only such property as the receiver of the bank was entitled to and that such property was part of the bank's assets, and directed a judgment entered dismissing all pleadings and petitions seeking to cancel and set aside the conveyances mentioned.

The whole history of the litigation up to that time will be found in the case of Best, Receiver, v. Melcon, 183 Ky. 785.

Upon the return of the case to the Laurel circuit court a judgment was entered setting aside so much of the former judgment as adjudged the conveyances in question preferential, and adjudged the property therein conveyed to be sold and the proceeds collected by the receiver.

After the proceeds of the sale had been brought into court, the appellee, Boreing, entered a motion that his proportionate part of the proceeds of that land, amounting to $993.35, be paid to him, and this motion the circuit court sustained and directed its officers to pay that amount to Boreing, and from that action of the court this appeal is prosecuted by the present receiver of the London bank.

This action was taken by Boreing upon the theory that the original judgment of the Laurel circuit court, adjudging that the several conveyances involved were preferential, was to the extent of his claim against W. B. Catching, proportionately for his benefit, and that as he was not a party to the appeal wherein the judgment was reversed, it was still in force and effect in so far as his rights were involved.

The fundamental error in this position is in the assumption that any judgment was ever entered in the

Laurel circuit court for his benefit as an individual. The effect of the judgment so far as he was concerned was that he was a general creditor of W. B. Catching but that he was not entitled to have certain property described by him subjected to the payment of that judgment, and therefore his petition was dismissed and a judgment for costs entered against him.

He sought one kind of relief solely for his own benefit, which was denied him, while the plaintiffs in some of the other suits sought a different kind of relief, not only for their own benefit but for the benefit of all the creditors of Catching, and that relief was by the circuit court granted to them, and Boreing, being a general creditor of Catching, was only incidentally the beneficiary of their action, and as an individual was granted no relief whatsoever against anybody, but, on the contrary, was dismissed out of court with a judgment for costs against him.

It is perfectly clear that from the time that Boreing's petition was dismissed with costs and all relief denied him, he occupied the position only of any other general creditor of W. B. Catching, and occupying that position, he was not a necessary party to any appeal by the receiver of the bank to reverse that judgment any more than any other general creditor of Catching would have been, and therefore, when the mandate of this court was filed in the lower court and, in accordance therewith, the judgment of that court set aside, Boreing had no more claim upon the proceeds of that property than any other general creditor of Catching. When his petition was dismissed, he was just as effectually out of court as if he had never filed it, and occupied no position different from that of any other general creditor who had filed a claim in the action.

In an action to have a preference adjudged and that it operate as an assignment for the benefit of all creditors, all the creditors are not necessary parties any more than all are necessary parties in the settlement of a decedent's estate. Ky. Stats., section 1912. Certainly then they are not all necessary parties to an appeal in such case.

The judgment is reversed, with directions to set aside the order appealed from.