## Blackburn v. Blackburn, et al.

(Decided November 25, 1921.)

### Appeal from Pike Circuit Court.

Appeal and Error—Finding of Chancellor.—Evidence examined and held sufficient to sustain the chancellor's finding that a title bond was a forgery.

PICKLESIMER & STEELE for appellant.

J. C. CANTRILL for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action for partition of a small tract of land alleged to be jointly owned and possessed by the plaintiffs and defendants as heirs at law of Isom Blackburn, deceased, one of the defendants, Roland T. Blackburn, by answer and cross-petition asserted ownership and possession in himself under title bond which he alleged was executed and delivered to him by his deceased father, Isom Blackburn, on October 15, 1912.

The only question involved upon this appeal is whether or not the proof sustains the chancellor's finding that this title bond was a forgery.

Isom Blackburn died intestate December, 1917, and shortly thereafter, in a conversation among the heirs about selling this tract of land and dividing the proceeds, appellant insisted that his father had given same to him, but admitted he had no written evidence of the gift and agreed that he would move off of it and let it be sold rather than have any trouble about it.

Shortly after this suit was filed, however, he produced the title bond, procured its recordation in the county clerk's office and filed it with his answer herein.

At that time according to the evidence of his mother, a sister and a brother, he claimed that he had just learned of the existence of the title bond and that it had been delivered to him in a sealed envelope by a Mr. Cline, who said that Isom Blackburn had left it with him to be delivered after his death to appellant. Mr. Cline does not testify, and in his testimony appellant claims that the title bond was executed and delivered to him by his father at the time it was dated, October 15, 1912, and that it had been in his possession ever since. He denied having made the statement about Cline delivering it to him after his father's death.

The title bond was not acknowledged before an officer but purports to have been signed by Isom Blackburn by mark and his signature to have been attested by Harvey May, Sr., and G. R. Blackburn, both of whom were dead when the bond was first exhibited by appellant. The only witness introduced by appellant to prove the execution of the instrument was Tom Blackburn, who simply states that in his judgment the signature of Harvey May, Sr., as a witness to the bond is in his handwriting, but he does not claim to have ever seen May sign his name or do any writing but once, in 1908, when he says he swapped horses with him, and he acknowledges that he is not sufficiently well acquainted with May's handwriting to be positive about the signature on the bond. An inspection of the bond shows that it was written and the names of Isom Blackburn and Harvey May, Sr., signed thereto by the same person, presumably Harvey May, Sr.

The evidence for appellees, however, shows beyond question that Harvey May, Sr., could barely write his own name, was afflicted with palsy and that he could not possibly have written the title bond, and that he never in his life swapped horses with Tom Blackburn. It is just as conclusively established by the evidence for appellees that on the date the title bond bears, October 15, 1912, Isom Blackburn, Harvey May, Sr., and G. R. Blackburn were at different places many miles apart. And, besides, several disinterested witnesses who were familiar with the handwriting of May and Blackburn state that in their opinion the names written on the bond were not their signatures. Upon this evidence the chancellor could not have found otherwise than he did, and this was all of the

evidence relating directly to the execution of the bond upon which alone appellant based his claim of title. The other evidence introduced by him indicates strongly that his father intended to give him this land, but does not tend to prove that he ever did so by the execution of the title bond or otherwise.

Judgment affirmed.