## Blackburn v. Blackburn, et al.

(Decided October 2, 1923.)

### Appeal from Pike Circuit Court.

1. **Appeal and Error—Amendment Properly Denied After Final Judgment.**—In partition proceeding, wherein one defendant in answer and cross petition asserted title in himself, and exhibited an alleged title bond, said to have been delivered to him by his deceased father, the trial court, after a final judgment declaring the title bond to be a forgery, and its affirmance by the Court of Appeals, properly declined to permit such defendant to file an amended answer and counterclaim, so as to assert that the other heirs at law of his father had received advancements in money, that more than fifteen years before the beginning of the action the father had given him the tract of land for a cash consideration, and that, under parol gift, he had remained in possession for that length of time and had improved the lands; it being the policy of the law that the rights of parties shall be settled promptly and finally.

2. **Judgment—Partition—"Final Judgment" is one that Definitely Settles Rights of Parties—Partition Judgment Held Final.**—A final judgment is such one as definitely settles the rights of the parties and puts an end to the controversy between them, and gives to the successful litigant relief by its own force and without further action by the court, and a judgment adjudging title bond, set up by defendant in partition, to be a forgery and that such defendant owned only a one-tenth undivided interest in the tract, and that each of the other heirs at law owned the same interest, and directing partition of the same, was a final judgment; there remaining only the administrative action of the court's commissioners in partitioning the land.

WILLIS STATON for appellant.

J. C. CANTRILL and ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Ison Blackburn died intestate, a resident of Pike county, leaving ten children as his heirs at law.

Thereafter part of the children instituted this action against the others for partition of a tract of land alleged to have been owned by Ison at his death. In that action Roland T. Blackburn, one of the heirs at law, in an answer and cross petition, asserted title in himself to the whole of the tract of land in question, and exhibited with his pleading an alleged title bond said to have been exe-

cuted and delivered to him by his deceased father in his lifetime.

Issue was made as to the genuineness of the paper relied upon as a title bond, and upon trial after preparation it was held to have been a forgery.

From that judgment an appeal was prosecuted to this court by Roland T. Blackburn, and the judgment was affirmed. Blackburn v. Blackburn, 193 Ky. 35.

On the 20th of February, 1922, the mandate of this court affirming that judgment was filed in the Pike circuit court, and on the 21st day of February appellant, Roland T. Blackburn, tendered and offered to file an amended answer and counterclaim in the action, which the court, upon consideration, declined to permit him to do, and from that action of the trial court this appeal is prosecuted.

In his original pleading filed before judgment, the only claim of ownership asserted by appellant to the tract of land in question was that his father in his lifetime had sold same to him by a title bond, and his only right to ownership was based upon the title bond.

In the amended answer, however, which he offered to file after the filing of the mandate, and long after the entry of the judgment fixing the rights of the parties in the tract of land, he undertook to assert (1) that the other heirs at law of his father had each received from him advancements in money and property to such an extent as to entitle him, appellant, to be adjudged as such heir at law the full title to the tract of land in controversy; and (2) that more than fifteen years before the beginning of this action his father gave to him the tract of land in question for a cash consideration and as his interest in his father's estate, and placed him in possession of the same, and that under such parol gift he had remained in possession for more than fifteen years before the filing of this action, holding the same adversely to the other heirs; and (3) he asks that the lands involved be appraised and valued as of the date of certain deeds and advancements alleged to have been made to the other heirs at law, and that same be charged to each of them and deducted from their several interests; and (4) he asserts certain lasting and permanent improvements alleged to have been placed by him upon the land in controversy.

Appellant only asserted one ground of ownership in his original pleading filed before the judgment. He then. said nothing whatsoever about the several grounds attempted to be asserted in the amendment; and now after there has been a full investigation, and his contention he held a title bond from his father has been adversely adjudged, and after the court has entered a judgment directing the property to be partitioned among the heirs at law, including himself, and after it has been adjudged that he is the owner of only a one-tenth undivided interest in the property, as is each of the other heirs at law, he undertakes to assert in an amended pleading, grounds which he should have asserted in the first place.

There is nothing better settled than that a litigant will not be permitted to assert his causes of action in piecemeal; that is, he will not be permitted to rely wholly upon one cause of action, and after that has been adversely adjudged against him, and the rights of the parties have been definitely settled, he will not be permitted to assert another and different cause of action as entitling him to the relief which had been denied him. To do so would prolong all litigation almost indefinitely, and it is the policy of the law that the rights of parties shall be settled promptly and finally, and to that end litigants must in due season assert all of their causes of action or defenses.

A final judgment is such one as definitely settles the rights of the parties, and puts an end to the controversy between them, and gives to the successful litigant relief by its own force without further action by the court. Perry v. Covington Savings Bank, 195 Ky. 40; Fire Insurance Co. v. McDonald, 177 Ky. 838; Trade Discount Co. v. Cox, 143 Ky. 515; Harding v. Harding, 145 Ky. 315.

Measured by this rule there is no doubt the judgment in this case adjudging the title bond to be a forgery, and that appellant only owned a one-tenth undivided interest in the tract of land in question, and that each of the other heirs at law owned the same interest, and directing the partition of same between them upon that basis, was a final judgment. It left nothing to be determined between the parties as to the title of that land. There was only left the administrative action of the court's commissioners in partitioning the land.

After a final judgment fixing the rights of the parties in the tract of land, it was too late for him to file an

amendment asserting new causes of action; and the action of the court in refusing to permit the amendment to be filed was proper. Brown v. Vancleave, 86 Ky. 381; Meadows v. Goff, 90 Ky. 540; Harding v. Harding, 145 Ky. 315.

Judgment affirmed.