## Caudill Coal Company v. Charles Rosenheim & Company, et al.

(Decided February 1, 1924.)

## Appeal from Letcher Circuit Court.

1. Judgment—Considered Certain where Simple Calculation Makes Certain.—Judgment of distribution among creditors of insolvent corporation having fixed and adjudged the amount for distribution, and the amount of each debt, nothing remaining to be done to ascertain the sum to be paid each creditor save a simple calculation to be made by the commissioner, should be given the same effect as if the court had fixed the amount to be paid each creditor under the maxim that that is sufficently certain which can be made certain.

2. Judgment—Test for Determining Finality—"Final Judgment."—A judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, and be enforceable for that purpose without further action by the court, or by process for contempt.

3. Appeal and Error—Judgment of Distribution to Creditors of Insolvent Corporation held "Final Judgment."—A judgment of distribution among creditors of an insolvent corporation, which not only fixed the rights of the parties, but also gave final relief, and by its force directed the satisfaction of those adjudged rights through and by the court's commissioner without any further necessary action on the part of the court, held a "final judgment."

4. Appeal and Error—Appellant Cannot Subsequently Deny Finality of Judgment.—Where a party appealed from a judgment and no question was raised as to whether it was final or not during the appeal and final disposition of it on its merits, he cannot raise that question on a subsequent appeal.

5. Appeal and Error—General Creditors Not Made Parties Held Not Bound.—General creditors were necessary parties to an appeal from a judgment holding that appellant's right to share in the assets of an insolvent corporation was upon a par with such general creditors, and that its debt should not be paid in full, and not having been made parties were not bound by the result.

JOSEPH B. SNYDER and HENRY C. GILLIS for appellant.

D. D. FIELDS & DAY, STEPHEN COMBS, JR., FRENCH HAWK and ROBERT BLAIR for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case; the first one is styled Caudill Coal Company v. Solner Mining Company, et al., and reported in 198 Ky. 243. In the opinion

in that case the facts upon which it was based are set out and will not be repeated here.   One of the questions therein adjudged was that the appellant here, Caudill Coal Company, had a preferred lien against the property of its creditor, the Solner Mining Company, to the extent of $13,860.40.  Upon the filing of the mandate in the trial court that issued on the rendition of that opinion, appellant moved the court to allow its preferred claim, as adjudged by this court on that appeal, and to direct its payment out of the proceeds of the estate of its insolvent debtor, all of which was then in the hands of the master commissioner, and which to the extent of $13,500.00 arose from the proceeds of the sale made by the commissioner of the property of the debtor.  The remaining portion of the fund at that time in the hands of the commissioner was $1,551.77, all of which was ordered by the court in that judgment prorated among the creditors of the insolvent mining company whose claims were ascertained and fixed in that judgment.   It was because the court in that judgment did not allow appellant's claim as a preferred debt, but adjudged it to be only a general creditor and to prorate in the entire funds with other general creditors that it prosecuted the first appeal.    In that appeal it made only one of the creditors of the mining company a party appellee (the Maynard Coal Company), which had sought in the lower court to have its claim, amounting to $6,300.00, also adjudged as a preferred claim, but which contention shared the same fate as did the same one made by the appellant, Caudill Coal Company, and the Maynard Coal Company also appealed from that judgment, and was a party to the first hearing in this court; but for the reasons stated in the first opinion it was not given any relief therein.    None of the other general creditors whose claims, as we have said, were allowed and directed to be paid by the master commissioner ratably with those of the Caudill Coal Company and the Maynard Coal Company were parties to that appeal.  In other words, the first judgment was a complete distribution of the funds of the debtor among all the creditors upon an equal footing as general creditors, and that judgment left nothing further to be done by the court, through any subsequent judgment or order, to completely carry out its directions and wind up the estate of the insolvent.  It is true that the court did not calculate and expressly fix in its judgment of distribution the

*precise* amount each creditor should receive, but having fixed and adjudged the amount for distribution and also fixed and adjudged the amount of each debt, there remained nothing further to be done to ascertain the sum to be paid each creditor save a simple calculation to be made by the commissioner. That being true, the judgment is to be given the same effect as if the court had fixed the amount to be paid each creditor, since the Anglicized maxim is "That is sufficiently certain which can be made certain."

The court overruled the motion of appellant, made after the return of the case, to give it a preference, to the extent of its preferred claim as adjudged in the first opinion, as against any of the alleged creditors, except the Maynard Coal Company, upon the ground that none of the others were parties to the first appeal and, consequently, they were not bound by the opinion rendered therein, and that their rights to share *pro rata* in the fund to be distributed were fixed by the original judgment of the trial court and which the first appeal did not disturb as to them because they were not parties thereto, and to reverse that ruling the present appeal is prosecuted, and it is contended on this hearing (1), that the judgment from which the first appeal was prosecuted was not a final one so far as the general creditors of the insolvent debtor are concerned, and (2), that if it was a final one from which an appeal could be prosecuted then the appellees here, who are the general creditors, were not necessary parties to the first appeal and the opinion therein is binding upon them.

As to the first contention reliance is had upon the cases of Bank of Kentucky v. Allen, 8 Ky. L. R. 36; Adkisson v. Dent, 88 Ky. 628; Chorn v. Chorn, 98 Ky. 627; Jacobs v. Jacobs' Guardian, 23 Ky. L. R. 186; Saylor v. Arnett, idem 321; Reed v. Reed, 25 Ky. L. R. 2324; McClure's Admr. v. Anchor Roller Mills, etc., 30 Ky. L. R. 509; Harding v. Harding, 145 Ky. 315, and other cases from this court dealing with similar questions and analogous facts. Those cases hold in substance that an order confirming a master commissioner's report of claims, or a judgment fixing the amount of debts and naming the persons entitled to them are neither of them final, but are only interlocutory, and of course subject to alteration or change until a final judgment is rendered, from which only an appeal may be prosecuted. It is stated in 2 R. C. L. 40, that a final judgment or decree is

one "which disposes of the cause or of a distinct branch thereof, reserving no further questions or directions for future determination," and again, that a final judgment from which an appeal may be prosecuted is one "which either terminates the action or operates to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their original condition after the expiration of the term."

In the case of Bondurant v. Apperson, 4 Met. 30, in dealing with the question as to what was and what was not a final judgment, this court held that "It is certain, however, that a judgment can not be final merely because it decides some question of law or fact relating even to final relief, nor merely because it decides what are the rights of the parties as to such relief. (Jameson v. Mosely, 4 Mon. 414; Phillips & Co. v. Alcorn, 4 J. J. Mar. 38; Craig v. McBride's Heirs, 9 B. Mon. 9; Portwood v. Outon, 1 B. Mon. 149; Mitchell v. Cloyd, MS. Opin. February, 1854.) Those cases furnish various illustrations, proving that a judgment may decide every question of law and fact, and what are the rights of the parties to everything involved in a suit, without being final to any extent. In each of them the judgment was held to be not final, because it could not be enforced, to the extent of giving the final relief contemplated by it, without further action by the court." And in defining what was a final judgment, the opinion said: "that a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt."

The test therein announced for determining the finality of a judgment, is not only in accord with the definitions given by learned authors upon the subject, but it has been followed substantially by this and other courts without modification or qualification. Measuring the first judgment appealed from in this case by those tests, it is clearly manifest that it was a final one, since it not only fixed the rights of the parties but it also gave final relief and by its own force directed the satisfaction of those adjudged rights through and by the court's commissioner, without any further necessary action on the part of the court. It, as we have seen, adjudged the amount to be distributed, the persons to whom it should be distributed, and their respective amounts upon which

they were to pro rate, and no fact was left open which would be necessary to determine in order to give such final relief. It was not so in the cases *supra,* and others of a similar nature from this court, an illustration of which may be found in the Reed cases, *supra,* wherein it was adjudged, ''the amount left due is for the benefit of P. B. Reed, subject to the question of 1900 state taxes and his proper share of any further cost herein now incurred;'' and this court held the judgment an interlocutory one for the manifest reason that it did not finally fix the right of Reed to any portion of the fund in contest but left that matter open subject to the future determination of qualifying facts. As we have seen, no such future determinations were necessary to fix the rights of the creditors of the coal mining company in the fund to be distributed and which was done in the first judgment appealed from in this case and necessarily it was final.

If, however, we were incorrect in that conclusion, the appellant here *did* appeal from that judgment, and the question, as to whether it was a final one or not, was not raised at any time during the continuance of the appeal and a final disposition of it on its merits; and under the doctrine, as announced in the case of Farmers Bank & Trust Co. v. Stanley, 190 Ky. 762, it is in no position to raise that question on this appeal.

It is again insisted, under contention (2), that under the opinions in the cases of Hamner, Receiver v. Boering, 191 Ky. 833, and Smith v. Craft, 22 Ky. L. R. 643, the general creditors of the Solner Mining Company (appellees here), were not necessary parties to the original appeal and that they are therefore bound by the judgment therein rendered. An examination of those cases, however, will demonstrate the falsity of that contention. The questions involved in them were, whether certain transactions were preferential and operated as a general assignment for the benefit of creditors under our statute commonly known as ''the act of 1856.'' It was held that, under section 1912 of our present statutes, which is the remedial part of that act, all of the creditors of the alleged preferential transferer are not required to be made parties, and those who are not such are bound by the judgment in the proceedings which the statute allows to be brought by some for the benefit of all. It requires no argument to demonstrate that the questioned judgment

in this case does not fall within that class and its final character is not to be determined by those adjudications. As hereinbefore intimated in the judgment from which the first appeal was prosecuted, it was held that the appellant's right to share in the proceeds of the insolvent estate was upon a par with that of the present appellees, and that its debt should not be paid in full, which would result in practically a usurpation of all the funds, and, necessarily the appellees, as other general creditors, were interested in any movement having for its purpose a defeating of their equality rights as so adjudged. The first appeal was such a movement and they would necessarily not be bound by its result, unless they were made parties to it and given an opportunity to be heard.

Not having been so, it necessarily follows that their rights are to be measured by the judgment as originally rendered, and it is our conclusion that the court did not err in rendering the last judgment from which this appeal is prosecuted, and it is accordingly affirmed.