## Edwards et al. v. Lee.

(Decided June 21, 1929.)

RODES & HARLIN and JOHN B. RODES for appellants.

J. WOOD VANCE and JOHN E. RICHARDSON for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Dismissing appeal.

Claiming to be the owner of a tract of 86 acres of land in Edmonson county, Kentucky, adjoining a tract of land in possession of the appellants, and on which is located the entrance to the Great Onyx Cave, appellee, who was plaintiff below, instituted this action in the Edmonson circuit court to recover of appellants damages for alleged trespasses committed on his lands; to have an accounting of the rents, income, and profits received and collected by them from admission fees paid by visitors to the cave, on the ground that Great Onyx Cave extends in and under his land for as much as 5,000 feet, and to that extent is his property; and for an injunction preventing further trespasses in that part of the cave under his land.

After the issues were conpleted, and plaintiff had taken proof to establish his title to the land described in his petition, the court, on his motion therefor, entered an order of survey, the material portions of which are as follows:

"It is now therefore ordered by the court that E. L. Rogers and John L. Bush, county surveyors of Barren and Warren counties, respectively, be, and they are hereby appointed to survey the entire Great Onyx Cave and report the findings of their survey to this court, and furnish the court with a written report and plat, showing the findings of their survey, which report and plat shall be in such form and manner as to enable the court to determine as accurately as may be whether or not the Great Onyx Cave runs under the lands described in plaintiff's petition. Said Rogers and Bush, the surveyors, hereby appointed by the court, shall select their own chain carriers and assistants in making the survey, and

they and their assistants shall first be sworn to make an accurate and complete survey of the entire Great Onyx Cave and to make a complete and accurate plat, and not to divulge any information they may obtain by surveying and platting said cave, except to the judge of this court. It is further ordered that both the plaintiff and defendant may be present during said survey, and their said attorneys may also be present during said survey, but neither the plaintiff nor the defendants, nor their attorneys, shall interfere with the survey of said cave. If the defendant, Mr. L. P. Edwards, does not feel physically able to accompany the surveying party, he may select any person he desires to represent him, and the same privilege is given to the plaintiff. Both the plaintiff and the defendant, L. P. Edwards, know the entire routes of Great Onyx Cave, and they will, or their representatives will, exhibt the entire routes of said cave to the surveyors and their assistants. Said survey will be made at the earliest convenent time between this, February 13, 1929, and March 1, 1929.

"It is further ordered that the plaintiff shall at this time bear the expenses connected with and incident to said survey, and should it develop that part of the Great Onyx Cave does not extend under plaintiff's land, the plaintiff will be required to bear all costs of said surveying; but should it develop that part of the Great Onyx Cave does extend under the plaintiff's land, the court reserves for further adjudication the question of distributing the costs of said survey among the plaintiffs and defendants; but at this time the plaintiff is ordered to pay all costs of the survey."

To this order the defendants objected and excepted, and have prayed an appeal from it to this court. Appellees have filed motion to dismiss the appeal as a delay case, and have made the indorsement on the record prescribed by section 759 of the Civil Code of Practice. This motion has been passed to the hearing on the merits and will be disposed of in the course of this opinion.

Appeals to this court are regulated by section 950-1 of the Kentucky Statutes, which provides in part:

"An appeal may be taken to the Court of Appeals as a matter of right from the judgment of

the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon is directly involved, but no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or to enforce any lien thereon, if the value in controversy be less than five hundred dollars, exclusive of interest and costs, nor to reverse a judgment granting a divorce, or punishing contempt; nor from any order or judgment of the county court, except in actions for the division of land and allotment or dower; nor from any order or judgment of the quarterly, police, fiscal or justices' court; nor from a bond having the force of a judgment. In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of the circuit courts.''

Section 368 of the Civil Code of Procedure provides:

''A judgment is a final determination of a right of a party in an action or proceeding.''

This appeal presents the question whether the order appealed from is a final judgment or an interlocutory order; if a final judgment, the right of appeal exists; if merely interlocutory, the motion to dismiss must be sustained.

In the case of Blackburn v. Blackburn et al., 200 Ky. 310, 254 S. W. 915, it is said:

''A final judgment is such one as definitely settles the rights of the parties, and puts an end to the controversy between them, and gives to the successful litigant relief by its own force without further action by the court. Perry v. Covington Savings Bank, 195 Ky. 40 (241 S. W. 850); Hartford Fire Insurance Co. v. McDonald, 177 Ky. 838 (198 S. W. 225); Trade Discount Co. v. Cox, 143 Ky. 515 (136 S. W. 901); Harding v. Harding, 145 Ky. 315 (140 S. W. 533).''

In Caudill Coal Co. v. Charles Rosenheim & Co., 201 Ky. 758, 258 S. W. 315, it is said:

''In the case of Bondurant v. Apperson, 4 Metc. 30, in dealing with the question as to what was and

what was not a final judgment, this court held that: 'It is certain, however, that a judgment can not be final merely because it decides some question of law or fact relating even to final relief, nor merely because it decides what are the rights of the parties as to such relief. Jameson v. (Moseley) 4 (T. B.) Mon. 414; Phillips & Co. v. Alcorn, 4 J. J. Marsh. 38; Craig v. McBride's Heirs, 9 B. Mon. 9; Portwood v. Outon, 1 B. Mon. 149; Mitchell v. Cloyd, MS. opinion, February, 1854. Those cases furnish various illustrations, proving that a judgment may decide every question of law and fact, and what are the rights of the parties to everything involved in a suit, without being final to any extent. In each of them the judgment was held to be not final, because it could not be enforced, to the extent of giving the final relief contemplated by it, without further action by the court.' And in defining what was a final judgment, the opinion said: 'That a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt.' ''

Other cases so holding are Commonwealth v. American Express Co., 167 Ky. 685, 181 S. W. 353, Ann. Cas. 1916E, 875; Tackett v. Cooper, 182 Ky. 390, 206 S. W. 603; Davie v. Allen's Executor, 198 Ky. 669, 249 S. W. 1013; Autry v. Autry, 191 Ky. 42, 229 S. W. 79.

In the case of Mercer v. Glass' Executor, 89 Ky. 199, 12 S. W. 194, 11 Ky. Law Rep. 373, the plaintiff appealed to this court from an order of the Christian court of common pleas, transferring the action to the Christian circuit court. In dismissing the appeal, this court said:

"The appellate jurisdiction of this court is confined to final orders and judgments. . . . The question at the threshold is: Does an appeal lie from the order of transfer? Is it of a final character? It has not been made so by statute, and we must turn to the general law for an answer. . . .

"A final order has been defined to be one which 'either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the

power of the court making the order after the expiration of the term to place the parties in their original position.' Briefly, it is one which disposes of the cause, or of a distinct and definite branch of it. To be such, it need not determine the merits of the cause or be a final determination of the rights of the parties as to the matter of dispute. Freeman on Judgments, sec. 21. It is sufficient if it be a final determination of that particular suit. Thus, as said in section 17 of the work just cited, the dismissal of an action by the plaintiff is a judgment. An interlocutory order, however, is one which does not dispose of the action. In this instance it was not ended by the order of transfer, but merely sent to a court invested with like jurisdiction of the same government. The order was not equivalent to one of dismissal. . . .

"Blackstone says that 'final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for,' and that 'interlocutory judgments are such as are given in the middle of a cause, upon some plea, proceeding or default, whch is only intermediate, and does not finally determine or complete the suit.' 3 Comm. 397, 398.''

In Hartford Fire Insurance Co. v. McDonald, 177 Ky. 838, 198 S. W. 225, it is said:

"The general rule applicable in determining whether a judgment is final or merely interlocutory, as deducible from the authorities, is that, if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only."

To the same effect are the cases of Davie v. Allen's Executor, 198 Ky. 669, 249 S. W. 1013; Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082; Perry v. Covington Sav. Bank & Trust Co., 195 Ky. 40, 241 S. W. 850.

The case of Marion National Bank v. Abell's Adm'r, 88 Ky. 428, 11 S. W. 300, 10 Ky. Law Rep. 980, relied on by appellants, is not in point. The order appealed from in that case was one entered in the case of Abell's Adm'r v. J. C. and H. B. Phillips, in the Marion circuit court, and

in which action the bank was not a party, making absolute a rule issued against the bank to produce its books, records, and papers for inspection by the plaintiff and her agents and attorneys. Since the bank was not a party to the action, and it was not claimed that the plaintiff had any right, title, or interest in the bank's books, records, and papers, it was held that the plaintiff was not entitled to such an inspection, until she had called the officers of the bank having the custody of its records as witnesses, when they could be compelled to produce the records for inspection. It was further held that, as to the bank, the order making the rule absolute was a final order, from which the bank had the right to appeal. The order here appealed from affects only parties to the action. There is no third party involved.

Section 622 of the Civil Code of Practice provides:

"A direction or decision of a court or judge entered upon the order book or made in writing, in an action, and not final, is an order."

The order appealed from is not final. It merely empowers and directs the two surveyors to survey the Great Onyx Cave, and to make and file a report and plat of their work, for the purpose of aiding the court in determining the principal question involved in the action—whether Great Onyx Cave extends under and into the land of the plaintiff. It does not decide a single matter in contest, does not divest appellants of a single right, nor does it terminate the action. It is only "intermediate," it leaves the entire subject matter of the case, and every material question connected with it, for further determination.

This court has appellate jurisdiction only of final orders and judgments of inferior courts. The order in question not being a final one, the appeal must be, and it is, dismissed.