CASE 67—PETITION EQUITY—MARCH 26.

## Marion National Bank v. Abell's Adm'r.

APPEAL FROM MARION CIRCUIT COURT.

1. EVIDENCE—RULE TO PRODUCE BOOKS.—The court, in behalf of a party to an action, may, by rule, compel the adverse party, or one who is not a party to the action, to produce in court any documents in his possession to which the person applying for the rule has an exclusive right or a right in common with another. But the court will not thus require the production of books or documents in which the party applying for the rule has no right or interest. If the party having the custody of the books or documents testifies as to their contents, he may then be com--

pelled to produce them for the inspection of the parties, but not in advance of that time.

In this action by an administrator against the surviving partners of his intestate for a settlement of partnership accounts, the plaintiff asked for a rule against appellant, the bank with which the several firms of which it was alleged plaintiff's intestate was a member kept their accounts, and filed an affidavit stating that he had employed expert book-keepers to examine said accounts, and that such an examination was necessary to the preparation of his case. The rule was awarded, and from an order making it absolute this appeal is prosecuted. *Held*— That the court erred in awarding the rule. When the officers of the bank testify, but not in advance of that time, they may be required to produce the bank books for inspection, by the parties and their attorneys, of the accounts between the bank and the several firms of which it is alleged plaintiff's intestate was a member.

2. SAME.—A party, preparatory to bringing suit on documents in his adversary's possession in which he has an interest, may maintain an action in the nature of a bill of discovery in order to compel their production in court that they may be delivered up to him if his right to them is exclusive, or that he may obtain a copy if his right to them is in common with his adversary.

3. SAME—LETTERS.—A party to an action may, by rule, require the production of letters he has written to his adversary, for the purpose of using them as evidence of a contract between them.

4. FINAL ORDER.—An appeal may be prosecuted from an order making absolute a rule requiring the production of books.

ROUNTREE & LISLE FOR APPELLANT.

1. A banking institution, not a party to an action, can not be compelled to produce its books for the inspection of a party to the action who has no interest in them as a depositor. (Smith v. Manon, 7 Mon., 236; Civil Code, section 528; Dickerson v. Talbott, 14 B. M., 66; 1 Green on Ev., 559-60, volume 3, section 305.)

AVRITT & RUSSELL FOR APPELLEE.

1. An order granting a rule against a banking institution for an inspection of its books is not a final order, from which an appeal can be taken.

2. In an action in equity a witness may be compelled to produce in evidence books in which evidence is alleged to be contained that is necessary for a party in order to make out his cause of action or defenses. (1 U. S. Statutes at Large, 82; Dickerson v. Talbott, 14 B. M., 66.)

3. A banking corporation being a *quasi* public corporation, its books are not private writings. (Greenleaf on Ev., volume 1, section 559; Wharton

on Ev., volume 1, sections 742–4; Forsham v. Lewis, 29 C. B. (N. S.),. 488; Gould v. McCarthy, 1 Kernan, 575.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the administratrix of her deceased husband, W. I. Abell, filed her petition in equity in the Marion Circuit Court against J. C. and H. B. Phillips as the surviving partners of her husband, in which she sought to set aside a settlement of the partnership business, made between the surviving partners and W. I. Abell's committee, Cameron, who was appointed a short time before the death of Abell, and to recover a large balance due Abell's estate as profits arising from said partnership business. It was claimed that these profits grew out of the partnership business that was conducted in Lebanon and other places. The defendants put in issue the matter of profits and that Abell was a partner in any place except in Lebanon.

After filing the petition, the answer, reply and rejoinder, the appellee, Mrs. Abell, filed an affidavit in the case, in which she stated that her husband and the defendants did business as partners under different names; sometimes under the firm name of Phillips & Bro.; sometimes under the firm name of G. B. Phillips; sometimes under the firm name of G. B. Phillips & Co.; and probably under other firm names; that they kept accounts with the appellant, and with its predecessor, whose books were in the possession of the appellant, in each of said firm names; that she had no personal knowledge as to how said accounts were kept; that she had employed expert book-keepers to examine said accounts, that it was necessary for the preparation of her case that they should examine them, but

the bank officers refused to let her experts make the examination. Upon the filing of this affidavit, the court issued a rule against the appellant to show cause why it should not allow the examination to be made ; its response denying the appellee's right to make the examination was overruled and the rule made absolute, and the appellant superseded and appealed to this court.

It seems to be well settled, that the court, in behalf of a party to an action, may, by rule, compel such party's adversary to produce into court any documents that he may have in his possession, to which such party has an exclusive right or a right in common with his adversary, if it appear that such document is material to the maintenance of his contested rights.

Also, a person, preparatory to suing his adversary on documents in his adversary's possession in which he has an exclusive interest or an interest in common with his adversary, may maintain an action in the nature of a bill of discovery against him, in order to compel him to produce them into court, to be delivered up to him if his right to them is exclusive, or to obtain a copy of them if his right to them is in common with his adversary.

Also a party to a suit may require, by the court's rule, his adversary to produce, not merely documents upon which suit may be brought, but letters written by him to his adversary, for the purpose of using them as evidence of a contract between them.

Also, a party to a suit may, by the aid of the court's rule, compel a person, not a party to the suit, to produce into court any documents in his possession to which such party has either an exclusive right, or right in common

with his adversary or other person, proper orders being taken for the preservation of such documents, and the restoration of them to the persons who are required to surrender them, and who have a right to their custody.

Here it is not claimed that the appellee has any right, title or interest in the books of the bank. All that is claimed is, that said firms, under their various firm names, made deposits in the bank, and checked on them from time to time; that the appellee does not know how these accounts stand, nor the number of firm names that appear on the books of the bank as having had dealings with it, but that the books will show these things, and she wishes experts to overhaul them and report to her. These officers of the bank are competent to testify to all these things. When they give their depositions, if they should be taken, either side may compel them to produce the bank books, and submit them to the inspection of the parties themselves and their attorneys, or either of them, for the purpose alone of inspecting the accounts between the bank and said firms; also, the officer testifying may be compelled to give a full statement of the accounts, item by item, as they appear on the books, and to file with his deposition a transcript of said accounts. In this way, which is the plain way pointed out by the common rules for the production of evidence, the appellee can obtain the whole truth relative to the firm's transactions with the bank, which is all that she is entitled to. No one ever heard of a witness being ruled to make known to either party what his testimony would be until after the case was put under investigation, and he put upon the witness stand. We see no good reason for

making him submit his books to either party, for his inspection, in advance of the time that he may be required to introduce them as witnesses in the case.

The appellant had the right to appeal from the judgment making rule absolute. The judgment is reversed, with directions to dismiss the rule.