## Claussner Hosiery Co. v. City of Paducah.

(Decided Oct. 28, 1938.)

J. D. MOCQUOT for appellant.
ALBERT M. KARNES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Dismissing appeal.

This appeal is sought to be prosecuted from an order of the McCracken Circuit Court granting ·a subpœna duces tecum and making absolute a rule directed to the office manager and assistant secretary of the appellant company, requiring him to produce certain books and records in his custody claimed by the appellee, City of Paducah, to be pertinent to the issues in the suit. The witness, himself, has made no objection other than to file a response to the rule in the circuit court on the sole ground that the court was without jurisdiction to grant the order, which response the court adjudged to be insufficient. The defendant corporation alone has appealed.

Except in those cases where it is specifically provided otherwise—of which this is not one—this court has jurisdiction to consider appeals from final orders or judgments only. Kentucky Statutes, section 950-1. The order before us is purely interlocutory insofar as appellant is concerned and is, therefore, not appealable. The chancellor still has full control of it.

Appellant has ample remedies at its disposal. It may except to the order and raise the question upon final appeal should a judgment go against it, or, it might, in due season, have applied to this Court for a writ of prohibition to prevent the entry of the order.

We can not treat this appeal as though it was a petition for a writ of prohibition. Manifestly, an application for a writ of prohibition is a very different thing from an appeal taken from an interlocutory order. In

the ordinary case, as in the suit before us, the chancellor has merely sustained the motion for the subpœna duces tecum without assigning his reasons therefor. We are left to speculate as to the basis of his determination. Had appellant asked for a writ of prohibition, the chancellor himself would be the respondent and we would have the benefit of knowing why he acted as he did while he, at the same time, would have the opportunity to defend his decision. Where, as here, the action to be taken by the court is discretionary, we are entitled to know the reasons if any back of it.

In Marion National Bank v. Abell's Adm'r, 88 Ky. 428, 11 S. W. 300, 10 Ky. Law Rep. 980, relied on by appellant, the bank, whose officers were required by subpœna duces tecum to produce its books in an action to which it was not a party, was allowed to appeal. The order as to it was a final order. The same is not true as to a party to the litigation. Compare: Union Trust Co. v. Garnett, 254 Ky. 573, 72 S. W. (2d) 27.

It results that we are without jurisdiction in the matter.

Appeal dismissed.