Vada Endicott MARTIN, Appellant,

v.

**ADMINISTRATIVE OFFICE OF THE COURTS, Appellee.**

No. 2002–SC–0315–OA.

Supreme Court of Kentucky.

June 12, 2003.

Michael P. Studebaker, Appalachian Research & Defense Fund of Kentucky, Inc., Prestonsburg, Counsel for Appellant.

Cicely Jaracz Lambert, Director, Administrative Office of the Courts, William B. Pettus, Assistant Attorney General, Civil and Environmental Law, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice
WINTERSHEIMER.

Vada Endicott Martin brings this action directly to this Court to obtain a writ of mandamus to require the Administrative Office of the Courts to reimburse her for the costs of preparing and transcribing transcripts for the appeal of her circuit court case to the Court of Appeals which is anticipated to cost $67.50. That appeal had been filed in forma pauperis. *See Martin v. Commonwealth of Kentucky, Cabinet for Families and Children, et al.,* No.2002–CA–1750–MR.

The underlying case, now pending in the Court of Appeals, concerns whether the inclusion of SSI payments as income in determining child support is contrary to federal law, and therefore unconstitutional. This Court has previously addressed this question in *Commonwealth, ex rel. Morris v. Morris,* Ky., 984 S.W.2d 840 (1998), and concluded that SSI benefits are properly included in gross income. The parties have three minor children who reside with the father, James Endicott. The Cabinet for Families and Children, through the Floyd County Attorney's Office, Division of Child Support, is the agency that has sought to establish and enforce a child support obligation against Martin.

Endicott had filed a motion with the circuit court to obtain payment for the transcription costs. The Floyd County Circuit Court entered an order not requiring the AOC to pay the transcription costs. Counsel for the Attorney General and counsel for Martin filed a joint motion to alter, amend, or vacate stating that the circuit court lacks jurisdiction to hear this matter.

The motion contended that there was an error of law in the decision of the court not to order the AOC to pay transcription costs. It claimed that the court relied on CR 75.15 and reasoned that the parties in the underlying appeal can submit an agreed statement of the case rather than the certified record on appeal as CR 75.07 allows.

The joint motion asserted that the language of CR 75.15 is optional which is indicated by the word "may," thus there is no direct requirement that the agreed statement has to be submitted and such a reading is contrary to CR 75.07. The parties agree that the circuit court lacks jurisdiction to order the AOC to pay transcription fees because the agency is a branch of the Supreme Court. This Court has accepted review of this case.

Scope of Review

Martin contends that as a branch of the Kentucky Supreme Court, only this Court can order the AOC to comply with the law. *Ex parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682 (1980). Martin argues that KRS 453.190(1) imposes a financial obligation on the AOC to pay the transcription costs of indigents pursuing an appeal, citing the language of the statute as follows "... including the preparation of necessary transcripts for appeal, without any fees ..." She seeks a writ of mandamus for this Court to order the AOC to pay the anticipated costs of transcribing the circuit court proceedings.

■ This Court is generally authorized to exercise appellate jurisdiction only, ex-

cept it shall have the power to issue all writs necessary in the aid of its appellate jurisdiction or the complete determination of any cause or as may be required to exercise control of the Court of Justice. Section 110(2)(a) Ky. Const. The Administrative Office of the Courts, as an inseparable part of the Office of the Chief Justice, cannot be properly sued in any of the other courts of the state. *Cf. Ex parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 (1980); *Accord Ex parte Farley*, Ky., 570 S.W.2d 617 (1978).

A writ of mandamus, like its legal cousin, a writ of prohibition, is an extraordinary remedy authorized by Sections 110 and 111 of the Kentucky Constitution. It may be used by a court in a discretionary manner and only when the situation is so exceptional that there is no adequate remedy at law to prevent a miscarriage of justice. *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985).

Writs of prohibition and mandamus as extraordinary remedies are reserved for those situations in which a court is acting 1) without or beyond its jurisdiction and there is no adequate remedy by appeal; 2) outside its statutory authority; or 3) within its jurisdiction but erroneously. In the last category, the petitioner must also demonstrate that there is no adequate remedy by appeal and irreparable injury or great injustice will result without the writ. *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

Ordinarily, proceedings under CR 76.36 involve original proceedings filed in the Court of Appeals and then reviewed by the Supreme Court. A direct approach to the Supreme Court is envisioned by *Ex parte Auditor of Public Accounts, supra*. Here, Martin seeks reimbursement for costs apparently already expended. A review of the Court of Appeals records indicates that the underlying case is in the process of briefing with the brief of the appellant filed April 8, 2003 and the brief of the appellee filed May 12, 2003. It is possible that a reply brief may be filed before May 27, 2003. In any event, the case is proceeding in the Court of Appeals in a timely fashion.

In the circuit court, the trial judge gave the parties the opportunity to submit an appeal on an agreed statement rather than on the certified record on appeal as contemplated by CR 75.07. If that opportunity had been used, the question of costs of a transcript would not have arisen. However, the parties chose not to pursue that option.

By applying the standards set out for writs of mandamus or prohibition, we find that there is no irreparable injury or great injustice that will result and that Martin has an adequate remedy by appeal through the Court of Appeals. We determine that this case is not one of such great public importance as contemplated by *Ex parte Auditor of Public Accounts*.

KRS 453.190(1) contains no language that requires the Administrative Office of the Courts to pay for transcripts for an appeal. To order the AOC to pay the transcription costs of indigent appellants would be a violation of the separation of powers doctrine. The Court of Justice is an independent branch of state government and not subject to interference in the management and use of its budget by the General Assembly. Ky. Const. § 27 & 28. The authority and responsibility of determining the necessity and propriety of expenditures from the judicial budget rests solely with the judicial branch and is not subject to executive or legislative regulations. *See Ex parte Auditor of Public Accounts*. It should be noted that the responsibility for criminal appeal transcripts was transferred to the Department

for Public Advocacy, and the General Assembly no longer provides funding to the Court of Justice for pauper transcripts. On April 20, 1995, then Chief Justice Robert F. Stephens entered an order which rescinded the authorization for the payment of transcripts by the Administrative Office of the Courts.

The circuit judge lacked any authority or jurisdiction to order the AOC to pay for an appellate indigent record transcription. Her action in this matter does not require mandamus and was correct.

Thus, the petition seeking a writ of mandamus is denied.

All concur, except STUMBO, J., who dissents without opinion.