Thomas Edwin JONES, Petitioner,

v.

COMMONWEALTH of Kentucky,
ADMINISTRATIVE OFFICE OF
THE COURTS, Respondent

No. 2005–SC–0272–OA.

Supreme Court of Kentucky.

Aug. 25, 2005.

Michael A. Taylor, Taylor Law Offices, Middlesboro, Counsel for Petitioner.

Raymond F. Debolt, Jr., Frankfort, Counsel for Respondent.

COOPER, Justice.

Petitioner, Thomas Edwin Jones, brings this original action, pursuant to CR 76.36, to challenge a personnel action taken against him by Respondent, the Administrative Office of the Courts (AOC). Petitioner is a former Bell County pretrial services officer. On November 17, 2003, the AOC's Division of Pretrial Services issued to Petitioner official notification of its intent to dismiss him from employment. Petitioner thereafter requested an informal meeting with the General Manager of the Division of Pretrial Services. On December 16, 2003, after this informal meeting, Petitioner received a second official notification of intent to dismiss him. Petitioner appealed, and on May 7, 2004, the AOC conducted a hearing on the matter. After taking testimony from several witnesses and reviewing various letters, reports, and affidavits submitted by the parties, the hearing officer concluded that good cause existed for Petitioner's dismissal. On June 15, 2004, the Acting Director of the AOC adopted the hearing officer's recommendation to affirm Petitioner's dismissal. Petitioner appealed to the Court of Justice Employee Grievance and Appeal Committee, which found that the decision to terminate Petitioner's employment was reasonable.

Petitioner then filed an action in the Franklin Circuit Court, which he styled a "Petition for Appeal of Findings of Fact and Determination of Reasonableness of Director's Decision." On March 21, 2005, the Franklin Circuit Court ordered that Petitioner's action be transferred to this Court, reasoning that because the AOC is the administrative arm of the Supreme Court, requests for review of AOC actions can only be brought before the Supreme Court. This petition followed.

■■■ The Chief Justice of the Commonwealth has constitutional authority to "appoint such administrative assistants as he deems necessary." Ky. Const. § 110(5)(b). This authority is instituted by SCR 1.050, which provides that "[t]he Administrative Office of the Courts shall act as the administrative and fiscal agency of the Court of Justice." SCR 1.050(1). *See also* KRS 27A.050 ("The Administrative Office of the Courts is created to serve as the staff for the Chief Justice in executing the policies and programs of the Court of Justice."). In *Martin v. Administrative Office of the Courts*, 107 S.W.3d 212 (Ky. 2003), we addressed a request for a writ of mandamus directing the AOC to reimburse costs of preparing and transcribing transcripts for appeal of a case to the Court of Appeals. We declined to issue the writ, citing an order promulgated by former Chief Justice Stephens rescinding the AOC's authorization for payment of transcripts. *Id.* at 214–15. In discussing our jurisdiction over the matter, we stated, "[t]he Administrative Office of the Courts, as an inseparable part of the Office of the Chief Justice, cannot be properly sued in any of the other courts of the state." *Id.* at 214. In other words,

> [E]xcept for matters in which the United States Supreme Court has the right of review over the judgments of this court, the jurisdiction to hear and determine any cause that has as its ultimate objective a judgment declaring what this court must do or not do is vested exclusively in this court, for the very simple reason that our Constitution makes it the highest court of the state and gives it the authority to "exercise control of the Court of Justice." It could not be

said to possess such authority if it or its members in their official capacities were held subject to the authority of the Circuit Court or any other court of the state. The Circuit Court can have no more jurisdiction to issue a declaratory judgment than to issue a writ of mandamus or prohibition against this court or against its members and administrative staff in their official capacities.

*Ex Parte Farley*, 570 S.W.2d 617, 622 (Ky. 1978). *See also Ex Parte Auditor of Pub. Accounts*, 609 S.W.2d 682, 683 (Ky.1980) ("[B]ecause the [Kentucky Bar] Association is an arm of the court itself, and therefore cannot properly be sued in any of the other courts of the state, this court is [the] only forum in which the controversy can be heard and officially resolved."). This language formed the basis for the Franklin Circuit Court's decision to transfer Petitioner's action so that the parties would litigate the action before this Court.

Where *Martin, Auditor of Public Accounts,* and *Farley* concerned *original suits* against agencies of the Court of Justice, however, Petitioner's action in the Franklin Circuit Court was an *appeal* from a personnel action taken by the AOC. Such actions are governed by the Court of Justice personnel policies, which are issued by the Chief Justice pursuant to the authority provided by Sections 110(5)(b) and 116 of the Kentucky Constitution. *See also* SCR 1.050(2). Section 6.04 of the Court of Justice personnel policies, entitled "Dismissals and Notification of Dismissals," and Section 6.08, entitled "Grievance and Appeal Procedures," detail the steps that must be followed to dismiss a Court of Justice employee, as well as the employee's rights of appeal upon dismissal. In the case *sub judice,* the AOC followed the proper procedures for dismissal, and Petitioner exercised his rights of appeal in turn, first receiving an evidentiary hearing and review of the hearing record by the Acting Director, and then obtaining review of the decision by the Employee Grievance and Appeal Committee. Upon receiving an adverse determination from the Committee, Petitioner then appealed his case to the Franklin Circuit Court. When an employee continues to seek relief after the Committee's determination, Section 6.08 of the Court of Justice personnel policies provides only that the employee may "appeal the grievance to the proper court for resolution." The personnel policies are silent as to the "proper court."

The General Assembly has addressed the question of the "proper court" for judicial review of action taken by administrative agencies:

A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes .... If venue for appeal is not stated in the enabling statutes, a party may appeal to Franklin Circuit Court or the Circuit Court of the county in which the appealing party resides or operates a place of business.

KRS 13B.140. However, the General Assembly's constitutional lawmaking authority does not, by itself, render a legislative statute applicable to the AOC, which is within the exclusive province of the judicial branch.

The correct principle, as we view it, is that the legislative function cannot be so exercised as to interfere unreasonably with the functioning of the courts, and that any unconstitutional intrusion is per se unreasonable, unless it be determined by the court that it can and should be tolerated in a spirit of comity.

*Auditor of Pub. Accounts,* 609 S.W.2d at 688. The issue in *Auditor of Public Accounts* was whether the Auditor, an official whose constitutional authority is only of a scope defined by the General Assembly,

was legally entitled or required to audit the books of the Kentucky Bar Association (KBA). *Id.* at 683. We held that the 1975 Judicial Article, which amended Section 116 of the Kentucky Constitution to provide for Supreme Court governance of the KBA, "completely removed the subject from any legislative authority and rendered obsolete and ineffective the statutes pertaining to it." *Id.* at 684. Thus, the KBA became the exclusive province of the Court of Justice and, absent a judicial extension of comity to the statutes of the General Assembly, the Auditor of Public Accounts had no authority to inspect the KBA's records.

The Judicial Article also provided for the Chief Justice's governance of the administrative arm of the Court of Justice. Ky. Const. § 110(5)(b). This effectively removed the AOC from legislative authority, in the same manner as it did the KBA. *See Auditor of Pub. Accounts,* 609 S.W.2d at 687 ("[T]he 1975 Judicial Amendment extended the judicial function to include the administration of the business affairs of the judicial branch of government . . . ."); *Farley,* 570 S.W.2d at 620 ("Clearly, [the AOC] and its director and employes are part and parcel of the judicial department of the state. They are, in fact, inseparable from the office of the Chief Justice itself.").

■ Nevertheless, "[t]he policy of this court is not to contest the propriety of legislation in this area to which we can accede through a wholesome comity." *Auditor of Pub. Accounts,* 609 S.W.2d at 688. The extension of comity depends on the outcome of a balancing test, as demonstrated by this Court's denial of comity to KRS Chapter 43, which defines the functions of and directs the Auditor of Public Accounts. *Id.* at 688–89. Our decision was based upon the recognition that it was unnecessary to apply Chapter 43 to the

KBA, because the KBA regularly subjected its financial records to inspection by certified public accountants and held its books and records open for public inspection. *Id.* at 688. We recognized that this lack of necessity was outweighed by the potential threat to judicial independence that would have been created by granting the authority to audit the KBA to an office that is political in nature. *Id.* at 688–89. As a result, we denied comity to Chapter 43, declining to extend it to provide the Auditor with authority over the KBA.

■ In contrast, the application of KRS 13B.140 to determine the "proper court" for appeal of an AOC personnel action is necessary. This Court simply does not possess the resources to open its gates to direct appeals of each personnel action taken by the AOC. Sound management of judicial resources dictates that the circuit courts hear the initial appeals from such administrative actions. Moreover, there is no counterbalancing reason to deny comity as existed in *Auditor of Public Accounts.* KRS 13B.140 provides for judicial review of agency action and will not subject the AOC to an intrusion by one of the political branches of our government. Circuit court review will not threaten the Supreme Court's "authority to 'exercise control of the Court of Justice,'" *Farley,* 570 S.W.2d at 622 (quoting Ky. Const. § 110(2)(a)), as the review shall be limited, in accordance with the provisions of KRS 13B.150. Additionally, this Court will retain the ultimate authority over AOC personnel actions, as well as the determinations of the circuit courts reviewing such actions, by way of the normal appellate process.

We conclude that comity should be extended to KRS 13B.140 in this context. A party wishing to appeal an AOC personnel action may file such appeal in either the Franklin Circuit Court or the circuit court of the county in which that party resides

or operates a place of business. In reviewing the AOC's action, the circuit court shall sit without a jury, shall be confined to the record unless there has been fraud or misconduct, shall not substitute its judgment for that of the AOC as to the weight of the evidence on questions of fact, and shall be limited to affirming the order or reversing it and remanding the action for further administrative proceedings, in accordance with KRS 13B.150.

Accordingly, we vacate the Franklin Circuit Court's order of transfer and remand this case to the Franklin Circuit Court for proceedings consistent with this opinion.

All concur.