# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$



2018-SC-000435-MR

DATE 4/4/19 Kim Redmon, DC

CHRISTINE L. COOK, M. D. AND
DR LYNN P. PARKER, M. D.                                          APPELLANTS

ON APPEAL FROM COURT OF APPEALS
V.                    NO. 2018-CA-000162-OA
JEFFERSON CIRCUIT COURT NO. 15-CI-001410

HON AUDRA J. ECKERLE, JUDGE,                        APPELLEE
JEFFERSON CIRCUIT COURT

AND

C. WILLIAM HELM, C. WILLIAM HELM,          REAL PARTIES IN
MB. BCHIR, AND UNIVERSITY OF LOUISVILLE     INTEREST/APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellants, Christine L. Cook, M.D. and Lynn Parker, M.D., appeal from

the Court of Appeals' order denying his petition for a writ of prohibition or

mandamus. For the following reasons, we affirm the Court of Appeals' order.

## I. BACKGROUND

Real Party in Interest, C. William Helm, M.D., has brought seven

separate actions arising out of the facts surrounding his employment with the

University of Louisville. Two of these claims have particular importance in the

current appeal. In the underlying action, Helm filed suit against the University seeking damages under a theory of whistleblower retaliation based on the University's non-renewal of his employment contract. Cook and Parker are not parties to this action. However, the University identified them as the two witnesses who would have the most information concerning Helm's action. Helm sought to depose Cook and Parker in the whistleblower action and the two filed a motion to either quash the subpoena altogether or for the trial court to enter a protective order limiting the scope of their depositions based on the fact Helm had deposed the two extensively in an earlier defamation suit against Cook and Parker (the second case having relevance herein).

The trial court entered an order denying Cook and Parker's motion to quash and motion for a protective order. Cook and Parker filed a writ to the Court of Appeals, asking that Court to either issue a writ commanding the trial court to either quash their depositions or to enter a protective order limiting their scope. The Court of Appeals declined to issue the writ. Cook and Parker appealed that decision to this Court, arguing the Court of Appeals abused its discretion. For the reasons that follow, we affirm the Court of Appeals.

## II. ANALYSIS

The issuance of a writ is an extraordinary remedy, and we have always been cautious and conservative in granting such relief. *Grange Mut. Ins. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004). The standard for granting petitions for writs of prohibition and mandamus is the same. *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 77 n.2 (Ky. 2010) (*citing Martin v. Admin. Office of*

2

*Courts*, 107 S.W.3d 212, 214 (Ky. 2003)). This Court set that standard forth in *Hoskins v. Maricle*:

> A writ . . . may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004). Here, there is no argument that the lower court lacked jurisdiction. Therefore, this case falls under the second class of writ, which requires that there be (1) no adequate remedy by appeal and (2) great injustice and irreparable injury.

As we have noted, "[i]n order for a writ to issue, the lack of an adequate remedy by appeal or otherwise is an absolute prerequisite." *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 640 (Ky. 2013). Therefore, we turn to the threshold issue of whether Cook and Parker have an adequate remedy by appeal. In this instance, Cook and Parker are non-party witnesses. This Court recently addressed this very issue:

> our research discloses a rule in Kentucky law not cited by either party in the present appeal or in the courts below. This Court's predecessor in *Marion Nat. Bank v. Abell's Adm'x* [11 S.W. 300, 301 (Ky. 1889)] established a rule that has not been abandoned since its creation: A trial court order denying a nonparty's motion to quash a discovery request is a final and immediately appealable judgment. . . . In fairness to the parties to this appeal, we employ Justice Cooper's articulation of the reasons for our addressing the merits in this case: "Since the Court of Appeals exercised its discretion to address the petition on its merits, and [Allstate] does not even assert that [Dr. Kleinfeld] has an adequate remedy by appeal, we, too, will proceed directly to the merits of the appeal."

3

[*Metropolitan Property & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31, 33 (Ky. 2003).]

*Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, No. 2018-SC-000417-MR, (Ky. February 14, 2019). Here, just as in *Kleinfeld*, neither the parties nor the Court of Appeals cited this rule. Therefore, the parties argued (and the Court of Appeals decided the case based upon) whether "great injustice and irreparable injury will result if the petition is not granted." *Hoskins*, 150 S.W.3d at 10. We follow *Kleinfeld's* lead and pick up our analysis with that issue.

Cook and Parker fail to show that a great injustice and irreparable injury will result if their writ petition is not granted. They insist the Court of Appeals "failed to adequately address the issue of Drs. Cook and Parker's irreparable injury at all . . . [and] take into account [their] right not to be subjected to duplicative, redundant, and harassing discovery." However, the fact is that Appellants fail to demonstrate any specific injury that rises to the level of irreparability. Rather, they merely argue that the two had already given extensive discovery in a case with the same factual basis and that requiring them to provide additional discovery "would, at a minimum be: (i) cumulative; (ii) duplicative; (iii) redundant; and (iv) unduly burdensome. Moreover, it would also unnecessarily and unfairly reopen a back door to discovery for Dr. Helm to use in the [separate defamation action] . . . ." While there may well be circumstances in which a trial court's failure to grant a protective order such

4

as that sought by Cook and Parker would result in great injustice and irreparable injury, Appellants do not show such an injury herein.

Furthermore, Cook and Parker assert that our precedent concerning great injustice and irreparable injury should not apply to non-parties. Our cases makes it clear that "[i]nconvenience, expense, annoyance, and other undesirable aspects of litigation" do not amount to great and irreparable injury. *Fritsch v. Caudill,* 146 S.W.3d 926, 930 (Ky. 2004). We see no reason to deviate from this standard under the present set of facts. Writs remain extraordinary relief subject to the discretion of the appellate court regardless of whether the individual seeking the writ is a party to the underlying litigation. Appellants can show no more than that they will be inconvenienced or annoyed by being required to give depositions in the underlying case. This does not amount to great and irreparable injury, as this Court has long held.

Appellants also claim that Helm *may* attempt to use information he obtains through discovery in the whistleblower case in his defamation case against the two of them in the event that case *may* return to the trial court. However, this speculative claim, even if it came to fruition, would not necessitate the granting of a writ. As we have held, "evidence that is relevant to the proceeding at hand, as is the case here, is discoverable despite the fact that the evidence may be useful in other contexts." *Grange,* 151 S.W.3d at 814.

Appellants next claim the Court of Appeals erred by failing to invoke the "certain special cases" exception in order to grant their writ. "This Court has

consistently recognized an exception to the irreparable harm requirement in 'certain special cases.'" *Ridgeway*, 415 S.W.3d at 639-40. In such cases, this Court will entertain the petition "provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Bender*, 343 S.W.2d at 801. We review writs under the "certain special cases" exception de novo. *Grange*, 151 S.W.3d at 810.

Here, the trial court refused to quash Cook and Parker's subpoenas or to limit the scope of their depositions. Helm deposed Appellants in an unrelated matter four years prior to his initiation of the underlying whistleblower claim. Helm asserts that he has gained access to numerous other documents in the intervening time. The University insists Cook and Parker are the two fact witnesses with the most information regarding the whistleblower claim.

Furthermore, Kentucky Rules of Civil Procedure (CR) 26.02(1) provides, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." This rule is not without limitation, however. In fact, CR 26.03(1) provides "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . *may* make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." (Emphasis added.) This rule, however, does not require the trial court to grant such a protective order. Rather, the rule says that said court *may* do so. Here, the trial court used its

6

discretion to decline to issue such a protective order.[1]  It is not "necessary and appropriate in the interest of orderly judicial administration," *Bender*, 343 S.W.2d at 801, for us to upset this ruling by the granting of an extraordinary, discretionary writ.

Finally, Cook and Parker ask this Court to exercise its plenary power under Section 110 of the Kentucky Constitution and to use our discretion to grant their writ.  Appellants insist that the broad supervisory control of lower courts Section 110 vests in the Supreme Court allows us to overturn the Court of Appeals decision even if we hold (as we do) that court did not abuse its discretion.  We see no reason to deviate from our standards in this case and will not address this argument further.

## III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals' denial of Appellants' petition for a writ.

Minton, C. J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting.  All concur.

---

[1] Appellants also make an argument under the "collateral order doctrine" insisting the trial court abused its discretion in refusing to quash or limit their depositions.  It makes no difference how this argument is framed.  We still apply our writ standard and come to the same conclusion.

COUNSEL FOR APPELLANTS:
Brent Robert Baughman
Bingham Greenebaum Doll LLP

Melissa Norman Bork
Bingham Greenebaum Doll LLP

Benjamin Lewis
Bingham Greenebaum Doll LLP


COUNSEL FOR APPELLEE:

Audra Jean Eckerle


COUNSEL FOR REAL PARTIES IN INTEREST:

Michael W. Oyler
Reed, Weitkamp, Schell, & Vice PLLC

8

# Supreme Court of Kentucky

## 2018-SC-000435-MR

CHRISTINE L. COOK, M. D. AND                      APPELLANTS
DR LYNN P. PARKER, M. D.

                ON APPEAL FROM COURT OF APPEALS
V.                  NO. 2018-CA-000162-OA
           JEFFERSON CIRCUIT COURT NO. 15-CI-001410

HON AUDRA J. ECKERLE, JUDGE,                APPELLEE
JEFFERSON CIRCUIT COURT

AND

C. WILLIAM HELM, C. WILLIAM HELM,        REAL PARTIES IN
MB. BCHIR, AND UNIVERSITY OF LOUISVILLE    INTEREST/APPELLEES

## ORDER

This Court hereby corrects the Memorandum Opinion of the Court, rendered March 14, 2019 in the above-styled case, to show a corrected vote line. Substitution of a new Memorandum Opinion of the Court Affirming is attached hereto. Said correction does not affect the holding and is made only to reflect the correct Justices' names in the vote line.

ENTERED: March __14__, 2019.

_____
CHIEF JUSTICE