RENDERED:  JULY 18, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0986-MR

BRANDY LAWRENCE BARRETT                    APPELLANT

v.

APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 24-CI-00353

ADMINISTRATIVE OFFICE OF THE
COURTS AND KENTUCKY
PERSONNEL BOARD                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE:  The Appellant, Brandy Lawrence Barrett ("Lawrence"),[1] a

former employee of the Administrative Office of the Courts ("AOC"), seeks

---

[1] Appellant filed her initial appeal to the Personnel Board and her petition for review in the Franklin Circuit Court under the name "Brandy Kathleen Lawrence."  During the circuit court

review of the Franklin Circuit Court's July 12, 2024, order affirming the Personnel Board's March 4, 2024, final order dismissing her administrative appeal for lack of jurisdiction. Having reviewed the record and being otherwise sufficiently advised, we affirm.

## I. BACKGROUND

On or about September 16, 2023, AOC hired Lawrence as a non-tenured Court Services Legal Liaison in its Department of Information and Technology. According to Lawrence, during a Microsoft Teams meeting on November 7, 2023, AOC staff members Elizabeth Lucas and Patrick Abell informed her that she was being terminated. Ms. Lucas allegedly explained that AOC had received a complaint on or about November 3, 2023, from an attorney who also serves as a state representative. The complaint concerned Lawrence's conduct in 2021, when, while in private practice, she filed an attorney misconduct claim against the representative and posted a YouTube video discussing the representative's alleged misconduct in a case in which they were both involved.

proceedings, she began signing and filing documents as "Brandy K. Lawrence Barrett." However, because she never filed a formal notice of name change, the circuit court's case caption remained unchanged, and the court's July 12, 2024, order refers to her as "Brandy Lawrence." When Appellant filed her notice of appeal, she identified herself as "Brandy Lawrence Barrett," and that name was used to generate the case caption for this appeal. For consistency and to avoid confusion, we refer to the Appellant throughout this Opinion as "Lawrence," the surname she used in the proceedings below and during the events giving rise to this appeal.

Following the November 7, 2023, Teams meeting, Ms. Lucas sent Lawrence a formal termination letter. The letter confirmed that Lawrence was being dismissed from her non-tenured position as Court Services Legal Liaison with the Department of Information and Technology Services, effective immediately. Citing Section 1.05(2) of the Kentucky Court of Justice ("KCOJ") Personnel Policies, the letter emphasized that non-tenured employees serve at will and may be terminated at any time, with or without cause or notice. The stated basis for Lawrence's termination was "conduct that has recently come to light," which the letter described as "wholly inconsistent with the high standards of integrity expected of all KCOJ employees" and as conduct that "undermines public confidence in the judicial system."

On November 27, 2023, Lawrence appealed her termination to the Kentucky Personnel Board and alleged retaliatory discharge in violation of KRS[2] 61.102. In response, AOC, through counsel Danielle Haddad, submitted a letter dated December 4, 2023, stating that AOC was entering a limited appearance solely to challenge the Personnel Board's jurisdiction. AOC argued that the Kentucky Supreme Court has exclusive authority over the appointment and regulation of KCOJ personnel and that such matters fall outside the Personnel Board's jurisdiction. AOC requested dismissal of the appeal.

---

[2] Kentucky Revised Statutes.

After allowing Lawrence to respond, Personnel Board Hearing Officer Mark A. Sipek recommended dismissal for lack of jurisdiction. Lawrence filed exceptions to that recommendation. Nonetheless, on March 4, 2024, the Personnel Board adopted the hearing officer's findings and conclusions and formally dismissed Lawrence's appeal.

Lawrence appealed the Personnel Board's dismissal order to the Franklin Circuit Court in accordance with KRS 13B.140 and KRS 18A.100. AOC moved to dismiss the appeal under CR[3] 12.02(a) and (f), arguing that the circuit court lacked jurisdiction and that Lawrence's appeal failed to state a claim upon which relief could be granted. Lawrence opposed the motion, arguing that the Personnel Board erred in concluding it lacked jurisdiction over her appeal and that AOC's jurisdictional and substantive arguments were incorrect.

By order entered July 12, 2024, the circuit court granted AOC's motion to dismiss, concluding as follows:

> There is no dispute that Lawrence was a non-tenured employee with the AOC. Kentucky Court of Justice Personnel Policies provide only tenured employees of the Kentucky Court of Justice the right to appeal a dismissal and such appeals must be made to the AOC Human Resources Administrator. Section 8.05(1). Non-tenured Kentucky Court of Justice [e]mployees, like Lawrence, are at will and serve at the pleasure of their appointing authority. Accordingly, an appointing authority may terminate a non-tenured employee for any

---

[3] Kentucky Rules of Civil Procedure.

-4-

reason or no reason and at any time, even with no notice. It is well known that Kentucky has maybe the strongest separation of powers and that personnel actions within the judicial branch "are governed by the Court of Justice personnel policies, which are issued by the Chief Justice pursuant to the authority provided by Section 110(5)(b) and 116 of the Kentucky Constitution." *Jones v. Commonwealth, Administrative Office of the Courts*, 171 S.W.3d 53, 55 (Ky. 2005). Moreover, KRS 18A.115(1)(l) specifically exempts the judicial branch from application of KRS 18A.005 to 18A.200.

The Board dismissed Lawrence's appeal because it lacks jurisdiction over personnel matters in the judicial branch. Review of the Final Order, KRS 18A.115(1)(l), and relevant case law confirm the Board's position regarding jurisdiction is correct. Lawrence is free to explore other avenues to dispute her termination, however, the Board lacks any authority over personnel matter[s] stemming from the judicial branch. Lawrence being a non-tenured/unclassified employee does not alter the express exclusion of the judicial branch from the Board's jurisdiction.

(Record ("R.") at 90-91.)

This appeal by Lawrence followed.

## II. STANDARD OF REVIEW

Jurisdiction is a question of law, and our review is *de novo*. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011) (citing *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)). Accordingly, "we give no deference to the lower courts." *Bluegrass Tr.*

*for Historic Preservation v. Lexington Fayette Urban Cnty. Government Planning Commission*, 701 S.W.3d 196, 204 (Ky. 2024).

### III. ANALYSIS

Our inquiry begins and ends with a simple fact:  Lawrence was employed by the judicial branch.[4]  Although we agree with the circuit court that certain language in KRS Chapter 18A, specifically KRS 18A.115(1)(l), suggests that judicial branch employees are excluded from the Personnel Board's jurisdiction, the statutory text is not determinative here.  The dispositive point is that AOC is a judicial branch agency.  Regardless of the statutory language, as the Kentucky Supreme Court has made clear, "[t]he General Assembly's constitutional lawmaking authority does not, by itself, render a legislative statute applicable to the AOC[.]"  *Jones*, 171 S.W.3d at 55.

Kentucky's Constitution explicitly embraces the doctrine of separation of powers, dividing the powers of government among three distinct branches:  legislative, executive, and judicial.  *Diemer v. Commonwealth*, 786 S.W.2d 861, 864 (Ky. 1990).  Section 27 of the Kentucky Constitution mandates that these powers shall be forever separate and distinct from each other, while Section 28 reinforces the prohibition against one branch exercising powers

---

[4]  The AOC and its "employees are part and parcel of the judicial department of the state.  They are, in fact, inseparable from the office of the Chief Justice itself." *Ex parte Farley*, 570 S.W.2d 617, 620 (Ky. 1978).

properly belonging to another. KY. CONST. §§ 27, 28; *Hoskins v. Maricle*, 150

S.W.3d 1, 11 (Ky. 2004). This structural separation is intended to prevent the

concentration of power and to preserve checks and balances among the branches.

*Commonwealth ex rel. Beshear v. Bevin*, 575 S.W.3d 673, 683 (Ky. 2019). "[T]he

transfer of the proper functions of one department to another is precisely what the

separation of powers shield is intended to prevent." *Vaughn v. Knopf*, 895 S.W.2d

566, 569 (Ky. 1995).

Section 109 of the Kentucky Constitution states, "[t]he judicial power

of the Commonwealth shall be vested exclusively in one Court of Justice[.]" KY.

CONST. § 109. Within the judicial branch, the Kentucky Supreme Court alone has

"the power to prescribe . . . rules for the appointment of commissioners and other

court personnel[.]" KY. CONST. § 116. The Chief Justice of the Commonwealth is

the executive head of the Court of Justice. KY. CONST. § 110(5)(b). This

"effectively remove[s] the AOC from legislative authority[.]" *Jones*, 171 S.W.3d

at 56.

Lawrence's arguments, while passionately presented, are ultimately

unavailing because they overlook a fundamental constitutional truth: personnel

decisions within the judicial branch are not subject to legislative control or

executive oversight. *In re Appointment of Clerk of Court of Appeals*, 297 S.W.2d

764, 767 (Ky. 1957) ("[I]t is common knowledge that the General Assembly

selects its employees, so does this Court, and so does the Executive Branch.").
The Kentucky Supreme Court has consistently affirmed that the General
Assembly's authority, though broad in other contexts, does not extend to the
appointment, regulation, or discipline of judicial branch personnel. *Jones*, 171
S.W.3d at 55-56. Put simply, the Kentucky Supreme Court "has *exclusive*
jurisdiction over the agencies and personnel under its control." *Arkk Properties,
LLC v. Cameron*, 681 S.W.3d 133, 139 (Ky. 2023) (emphasis added).

Regardless of the terminology used, whether "unclassified," "non-
tenured," or "terminated for cause," the critical fact remains that Lawrence was a
judicial branch employee. The Personnel Board is an executive branch agency. It
lacks jurisdiction to review employment decisions made by the AOC, which
operates within the judicial branch under the exclusive administrative authority of
the Chief Justice pursuant to Sections 110(5)(b) and 116 of the Kentucky
Constitution. Even if KRS Chapter 18A were interpreted as attempting to extend
the Board's jurisdiction to judicial employees, as Lawrence suggests it should be,
such an extension would be constitutionally impermissible. As the Kentucky
Supreme Court explained in *Ex parte Farley*, *supra*, and reaffirmed in *Jones*,
*supra*, legislative interference with internal judicial branch administration violates
the separation of powers doctrine and is not allowed.

The Kentucky Supreme Court has not extended any measure of comity to the Personnel Board in matters involving judicial employees. The Personnel Board has no authority, whether express or implied, to conduct hearings or issue rulings regarding the employment status of AOC staff. Lawrence's reliance on KRS 18A.075(3) and similar statutes is misplaced because these provisions cannot override constitutional limits.

The AOC's authority to terminate non-tenured employees, such as Lawrence, is grounded not only in the Court of Justice Personnel Policies but also in the Kentucky Constitution, which vests this power exclusively in the judicial branch. Because the Personnel Board lacked jurisdiction to hear Lawrence's appeal and because the Franklin Circuit Court correctly applied the law, its judgment must be affirmed.

## IV. CONCLUSION

For the reasons set forth above, we affirm the Franklin Circuit Court's July 12, 2024, order affirming the Personnel Board's March 4, 2024, final order, and dismissing Lawrence's appeal.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Brandy K. Lawrence Barrett, *pro se*[5]    Melissa Norman Bork
Warsaw, Kentucky                        Colleen B. Parga
                                        Louisville, Kentucky

---

[5] Appellant is licensed to practice law in the Commonwealth of Kentucky.